## VERNON WALTER SIPERA v. STATE.

175 N. W. (2d) 510.

March 13, 1970—No. 41726.

*Whitney E. Tarutis,* for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *William B. Randall,* County Attorney, and *Daniel Hollihan,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendant appeals from an order denying a petition for postconviction relief made pursuant to Minn. St. 590.01 to 590.06. Convicted of burglary and now serving a sentence imposed therefor, he contends that the evidence used against him was the product of an unlawful search and seizure and that he was denied rights to which he was entitled under the Fourth and Fourteenth Amendments of the United States Constitution.

It appears from the record that about 1:30 a. m. on November 1, 1965, Roseville police officers were notified that a burglar alarm had been set off at the Falcon Heights Pharmacy. When the two officers arrived at the store, they received a second broadcast that a witness had observed a man jump from the roof of an adjoining building and run through a lot in a northerly direction towards St. Mary's Street. They immediately drove to St. Mary's Street, and as they proceeded down the street, their attention was directed to a panel truck parked in front

of a vacant lot. They stopped to examine the truck, and after they focused a spotlight on the left door of it, defendant appeared and jumped out. One of the officers testified that defendant was wet from perspiration, his clothes were dirty, and he wore gloves. He was subjected to a "pat down," after which he became belligerent and a scuffle followed. In the meantime, the deputy sheriff arrived in his squad car, and told the officers to place defendant in the rear part of their car, which could not be opened from the inside. While the officers were examining the truck, defendant attempted to escape but was restrained. The officers examined the rear part of the truck to discover if a confederate were there and, in doing so, noticed a large telescope with movie camera attached, a transceiver, metal boxes, a garment bag, a bowling bag, and a topcoat. On closer examination, the officers discovered a bag containing a hammer, a chisel, several punches, a tin snip, and a loaded .22-caliber pistol. The truck also contained a list of radio frequencies of about 25 police agencies in Minnesota and a list of about 7 to 10 drugstores in the metropolitan area. Upon examining the drugstore premises, they found that nothing had been taken therefrom but observed that an intruder had removed a ventilator and duct and that the ventilation aperture on the roof remained open.

Defendant's motion in the trial court to suppress the material found on his clothing and other items discovered in and on the truck on the ground they had been secured as a result of an unlawful search and seizure was denied. This evidence was used at trial.

We are satisfied that there was probable cause for defendant's arrest in view of the circumstances under which he was apprehended. Minn. St. 629.35 expressly authorizes a nighttime arrest, even though the apprehending officers may not know that a felony has in fact been committed.[1] The circumstances were sufficiently strong to warrant the cautious belief that defendant was involved in the burglary disclosed by the burgler alarm. Ordinary observation and experience would warrant the belief that an offense had been committed by defendant. State v. Sorenson, 270 Minn. 186, 134 N. W. (2d) 115; State v. Bean, 280 Minn.

---

[1] Minn. St. 629.35 provides: "Such peace officer may at night, without a warrant, arrest any person whom he has reasonable cause for believing to have committed a felony, and shall be justified in making such arrest, though it shall afterwards appear that no felony has been committed; but when so arresting a person without a warrant, the officer shall inform him of his authority and the cause of the arrest, except when he shall be in the actual commission of a public offense, or shall be pursued immediately after an escape."

35, 157 N. W. (2d) 736, certiorari denied, 393 U. S. 1003, 89 S. Ct. 493, 21 L. ed. (2d) 468.

Defendant's motion to suppress evidence of material found on his clothing is without merit. Traces of blue paint, pink paint, white plaster, and tar found on his clothing were determined by microscopic and spectrographic analysis to be identical to material found on the floor of the premises where the burglary occurred. The issue raised by this objection was considered in State v. Dill, 277 Minn. 40, 151 N. W. (2d) 413. In that case we held that, even in the absence of a search warrant in a prosecution for a charge of unlawful possession of narcotic drugs, it was not an unreasonable search to remove clothing which defendant had been wearing when arrested and subject it to scientific examination.

While defendant relies upon respected authorities[2] to the effect that the trial court should have suppressed the items found in the rear of the truck, we conclude that under all of the circumstances there was probable cause to warrant an examination of the truck to determine if confederates of the suspect were there. While it would have been preferable to have secured a search warrant to examine the truck and seize the remaining objects found therein, we feel, nevertheless, that the trial court could fairly conclude that the search was made in connection with a valid arrest on probable cause and that the officers could assume the truck was an integral part of defendant's apparatus for the commission of the crime and an instrumentality in achieving unlawful objectives. The search was made immediately after the burglary and in close proximity to the scene of the offense. State v. Campbell, 281 Minn. 1, 161 N. W. (2d) 47; State v. Harrison, 279 Minn. 310, 156 N. W. (2d) 763; State v. Holmes, 273 Minn. 223, 140 N. W. (2d) 610; State v. Collins, 270 Minn. 581, 132 N. W. (2d) 802; State v. Harris, 265 Minn. 260, 121 N. W. (2d) 327.

Affirmed.

---

[2] Preston v. United States, 376 U. S. 364, 84 S. Ct. 881, 11 L. ed. (2d) 777; Cooper v. California, 386 U. S. 58, 87 S. Ct. 788, 17 L. ed. (2d) 730; Chimel v. California, 395 U. S. 752, 89 S. Ct. 2034, 23 L. ed. (2d) 685. The first two cases are fully discussed in State v. LaJeunesse, 280 Minn. 381, 159 N. W. (2d) 261; and State v. Russell, 282 Minn. 223, 164 N. W. (2d) 65.