## STATE v. RONALD THOMAS OLEK.

179 N. W. (2d) 320.

August 21, 1970—No. 41527.

*Whitney E. Tarutis,* for appellant.

*Douglas M. Head,* Attorney General, *James M. Kelley,* Special Assistant Attorney General, *James C. Harten,* County Attorney,

and *Charles C. Johnson,* Fifth District Prosecutor, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

This is an appeal from a judgment of the district court adjudging defendant, Ronald Thomas Olek, guilty of burglary in violation of Minn. St. 609.58, subd. 2(1).

On March 5, 1967, George Lund, a member of the Vernon Center Village Council, was awakened at 3:05 a. m. by a noise from an electronic speaker in his home. The speaker was connected to an intercom system in the Vernon Center Municipal Liquor Store. When in operation, the system allowed Lund while at home to hear any noise in the store. Lund testified that he looked out his window and observed two men at the front of the store. They gained entry and Lund called Alvin Hohenstein, the deputy sheriff.

In response to Lund's call the deputy sheriff drove his car to the rear of the store, blocking the rear door. Lund then saw the two men flee the building and run across the street. Lowell Krause, chief of police at Amboy, Minnesota, arrived at the scene about 3:15 a. m. and he and Lund began to cruise the area in search of the two men.

On a back street in the middle of the block, Krause and Lund observed a parked car. They notified other police cars by radio, and when a Minnesota highway patrolman, L. J. Schemmel, arrived, Krause and the patrolman approached the car. They saw two men lying in the car and ordered them out. Defendant was the man in the front seat.

The highway patrolman then searched the car. He found a holster lying on the floor in front of the driver's seat; a pair of leather gloves and a flashlight under the rear seat; and a pair of overshoes, three bottles of Coca-Cola, a holster, and a loaded .38-caliber revolver in the glove compartment. The revolver was

turned over to Lowell Krause and the other items were given to a deputy sheriff, James Larson. Deputy Sheriff Larson was able to follow a trial in the snow leading from the liquor store to the parked car. Along the way he found a sledge hammer on which paint was found similar to that on the safe in the store. He also found two chisels and two punches in a snow bank alongside the car. Later, on March 9, 1967, after the snow had melted, he found a pliers, two screwdrivers, and a loaded .38-caliber pistol about 40 feet from where the car had been found. Two pry bars were found, one in the store and one in a yard a block away. On investigation, it was found that both bars contained chips of paint indistinguishable from the paint on the doors of the store.

The prosecution established that no one had given defendant permission to enter these premises.

Upon the foregoing evidence the jury convicted defendant of burglary. He appeals.

■ The first issue defendant raises is whether the jury instructions were erroneous and constituted reversible error. Near the end of its instructions to the jury the trial court included the following:

"If the accused is proved guilty say so. *If he is proved not guilty say so*. Keep constantly in mind that it would be a violation of your sworn duty to base your verdict upon anything but the evidence in this case. Remember also that the question can never be: Will the State win or lose this case. The State loses a case when injustice is done regardless of whether the verdict is guilty or not guilty. You must disregard entirely any feeling or impression or opinion with reference to the question of defendant's guilt or innocence, if any you had, before the testimony was given. You must not allow yourself to be influenced by any information that may have come to you from sources outside the sworn testimony on the witness stand here in court or by any misstatement of fact such as may have been inadvertently made

by either counsel or the Court. You must rely entirely in your determination of the case upon your recollection of the facts and the exhibits and then determine the case upon the evidence and the law as I have given it to you. Sympathy or prejudice must not enter into your deliberations. The evidence only is to be considered. You must not indulge in conjecture as to what might happen to the defendant in the future as that is the duty of the Court. Examine, consider and weigh the evidence with care. Subject it to the scrutiny of your judgment as persons of affairs, and act upon it only insofar as being just and true. It is your duty to exercise your common sense and intelligence in hearing the testimony and in determining the facts that the testimony establishes. Consider all of the testimony. Examine it in the light of reason; *examine it in the light of human experience, and then say whether you are satisfied beyond a reasonable doubt, as I have explained to you, of the guilt or innocence of the defendant.* If you are so satisfied you will then bring in a verdict of guilty. If you are not so satisfied you will return a verdict of not guilty." (Italics supplied.)

Defendant contends that the italicized portions of this instruction told the jury that defendant must prove his innocence and prove it beyond a reasonable doubt.

If there had been no other reference in the instructions to the burden of proof and presumption of innocence, the jury might have been confused by this paragraph. But, prior to this, the court had stated that the instructions were to be taken as a whole; that defendant's not-guilty plea places upon the state the burden of proving beyond a reasonable doubt every element necessary to constitute the offense; that the law presumes the defendant innocent until proven guilty; that this presumption places upon the state the burden of establishing guilt beyond a reasonable doubt; that defendant does not have to prove his innocence, but, rather, the state must prove his guilt. These instructions correctly stated and restated the law. Taking the in-

structions as a whole, we find them to be proper and that defendant was not prejudiced by the charge.

■ Defendant's second contention is that the court was in error in denying his motion for a mistrial on ground of improper argument by the state. Defendant bases his contention on the fact that although the court granted defendant's motion to strike from evidence the pistol found in the glove compartment, the state referred to the pistol twice in its final argument.

The gun was stricken because the chain of evidence was broken by the death of the police chief, Lowell Krause, and the state was unable to lay a foundation for its admission in evidence. But the highway patrolman testified he found the gun in the glove compartment. It was to this testimony about the finding of the gun that the prosecutor referred in his final argument. While the gun was not admissible, the testimony of the officer who found it was admissible, and the prosecutor could properly refer to this testimony in his closing argument.

State v. Silvers, 230 Minn. 12, 40 N. W. (2d) 630, and State v. Jones, 277 Minn. 174, 152 N. W. (2d) 67, cited by appellant, hold that it is prejudicial error for a prosecutor to ask improper questions calculated to prejudice the defendant, but these cases do not apply where the prosecutor is properly commenting on the evidence.

■ After the court had ordered the sequestration of the witnesses, Deputy Sheriff Larson, who had been present for most of the testimony, was allowed to testify a second time. Defendant argues that this was an abuse of discretion by the trial court.

When the court granted defendant's motion to sequester the witnesses, it was provided that either the sheriff or the deputy sheriff, but not both, could remain in the courtroom. When the deputy sheriff was called, the prosecutor stated that he would be recalled and it is this second time to which defendant objects. However, sequestration is a matter within the sound discretion of the trial court. State v. Garden, 267 Minn. 97, 125 N. W. (2d) 591; State v. Elli, 267 Minn. 185, 125 N. W. (2d) 738. In the in-

stant case the trial court made specific provision for allowing this witness to remain in the courtroom. Since there was no showing of any prejudice, we hold that the trial court did not abuse its discretion.

■ Defendant argues that the evidence presented at the preliminary hearing was insufficient to justify a bind-over to the district court.

In State v. Clark, 270 Minn. 538, 134 N. W. (2d) 857, we stated that a bind-over is justified when the the proof establishes probable cause that a crime was committed and that defendant is the one who committed it.

In the instant case, Marvel Pahl, bartender at the municipal liquor store, Amboy Chief of Police Lowell Krause, Sheriff Emil Meurer, and Deputy Sheriff Larson all testified for the state at the preliminary hearing. Pahl's testimony established the burglary, and the testimony of the police officers established that defendant was found hiding in a parked car within 15 minutes after the burglars fled the store and that burglar tools and weapons were found in the vicinity of the car. We hold that this was sufficient to establish probable cause that a crime had been committed and that defendant was the one who committed it. Therefore, the bind-over to district court was justified.

■ Defendant's next two contentions are that his arrest was illegal and that evidence was obtained as a result of an illegal search and seizure.

In similar circumstances we have held that arrests and the subsequent searches are proper and valid. Sipera v. State, 286 Minn. 536, 175 N. W. (2d) 510; State v. Valstad, 282 Minn. 301, 165 N. W. (2d) 19; State v. Campbell, 281 Minn. 1, 161 N. W. (2d) 47; State v. LaJeunesse, 280 Minn. 381, 159 N. W. (2d) 261. We so hold here.

■ Defendant argues that state's exhibits 38 to 42 should not have been admitted in evidence because there was insufficient foundation.

These exhibits were a gun, bullets, a pliers, and two screw-drivers. Four days after defendant was arrested, Deputy Sheriff Larson found these items within 50 feet of the parked car in which defendant was apprehended. We have held that physical objects connected with a crime or which are the subject matter of an investigation are admissible. State v. Garden, *supra.* Larson testified as to how and where these objects were found. Defendant contends that there is nothing connecting him with these objects. That fact does not affect their admissibility, but only the weight that should be given these objects. We therefore hold that the trial court properly received them in evidence.

■ Defendant's next assignment of error is in the selection of the petit jury talesmen. In the selection of the jury, 10 were chosen, 10 excused; this exhausted the panel. The sheriff was told to obtain others. He picked two persons who were acquainted with him. After some argument, it was decided the sheriff would summon eight persons who were not personal friends, and from these eight persons two jurors were selected. This is exactly the method set out in Minn. St. 593.12 for selecting jurors when a panel is exhausted and no other preselected jurors are available. There is no showing of any kind that the method of selection in any way prejudiced defendant.

■ After the verdict was returned, defendant moved for a new trial because of the alleged misconduct of a juror. Defendant asserted that the husband of the juror told him that his wife had discussed the case with him before the case went to the jury and had said she believed defendant was guilty.

The trial court held an evidentiary hearing at which the husbands of the three married women jurors were present. Defendant was unable to remember to whom he talked. The husbands of two of the jurors said they had never talked to him. Alvin Roberts, the husband of the other juror, testified he had a brief conversation with defendant when the jury retired, but denied that he discussed the case with his wife and denied that he told defendant his wife said that she thought defendant was guilty.

In addition, Mrs. Roberts denied discussing the case with her husband before the verdict was rendered.

The trial court held that defendant failed to establish any juror misconduct. We affirm that finding.

█ Defendant contends that he has been denied due process of law because the trial court is holding in abeyance a ruling on a second motion for a new trial until the appeal to this court has been decided.

Defendant chose to perfect his appeal from the judgment rather than to wait for a ruling on his motion for a new trial. Under Minn. St. 632.01, defendant could have waited until the trial court ruled on his motion for a new trial before appealing to this court. We hold that defendant was not denied due process of law where defendant had the choice of procedures to follow. The procedure he chose to follow allowed the trial court to postpone ruling on his motion for a new trial.

█ We have reviewed the record in its entirety and find the evidence sufficient to sustain the conviction. State v. Ambuehl, 287 Minn. 46, 176 N. W. (2d) 893.

Affirmed.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.