SPECTOR, Chief Judge.
This is an appeal from an order denying appellant’s motion to vacate the judgment of conviction on charges of manslaughter entered pursuant to a jury verdict.
Appellant was charged with operating a vehicle while intoxicated and under the influence of intoxicating liquors and colliding with another automobile, resulting in the death of the occupant thereof. The offense occurred on October 14, 1967, and appellant was indicted March 6, 1968. Apparently appellant’s first trial resulted in a mistrial, but the second trial resulted in a judgment of conviction May 20, 1969, pursuant to which the court imposed an indeterminate sentence of from six months to four years. From all that appears, there was no direct appeal seeking reversal of the judgment of conviction.
Appellant contends that his conviction should be set aside because the police refused his demand for an alcohol test to determine whether he was intoxicated, which demand defendant made when he learned that he was being charged with manslaughter while intoxicated. The demand was made October 14, 1967.
Appellant argues that refusal to administer the test constituted a violation of his constitutional right to “fundamental fairness” and thus he was deprived of due process of law. In support of the contention that appellant should have been given a test upon request, the court is referred to the provisions of Section 322.261, Florida Statutes, F.S.A., which provide as follows:
“Any person arrested for any offense allegedly committed while the person was driving a motor vehicle while under the influence of alcoholic beverages may request the arresting officer to have a chemical test made of the arrested person’s breath, blood, saliva, or urine for the purpose of determining the alcoholic, content of such person’s blood, and, if so requested, the arresting officer shall have the test performed.”
While the above statute is couched in mandatory terms as contended by appellant, we must observe that the statute did not take effect until January 1, 1968. This effective date was after the incident resulting in appellant’s difficulties. At the time appellant requested that he be given a blood alcohol test, the legislature had not yet adopted the standard which appellant says the arresting officer should have followed. The officer can hardly be faulted for refusing an arrestee’s demand for a blood alcohol test when the legislature had not yet adopted such a requirement as its version of “fundamental fairness”. No error of fundamental proportions is shown by appellant in this regard.
 The next point asserted in support of appellant’s motion to vacate is that he was deprived of constitutional due process of law when the trial court permitted witnesses to remain in the courtroom while other witnesses gave testimony. The two witnesses of whom appellant complains were police officers who testified in the case. The gist of appellant’s contention is that the trial court “allowed” the rule on exclusion of witnesses to be violated. However, appellant’s complaint in this regard is without substance since there is no allegation that the defendant objected to the presence of the officers in the courtroom during the trial. In the absence of such objection, it cannot be said that the trial court committed error. Moreover, it is not error to permit a witness who is a police officer to remain in the courtroom during a trial since such witnesses are disinterested in the outcome of the trial; *264 thus, the reason underlying the rule of sequestration of witnesses does not exist in such cases. Spencer v. State, 133 So.2d 729 (Fla.1961).
Lastly, appellant complains that he was denied a preliminary hearing in violation of Section 901.23, Florida Statutes, F.S.A., and Florida Criminal Procedure Rule 1.122, 33 F.S.A. Appellant contends that he was prejudiced by not being afforded a preliminary hearing so that he could learn the nature of the State’s case against him. No allegation is made that appellant demanded a preliminary hearing and that the same was refused, thus making this ground for appellant’s motion specious. Moreover, the liberal Criminal Discovery Rules adopted by the Florida Supreme Court were in effect for a substantial period of time before appellant’s trial, which rules afforded appellant ample opportunity to discover the nature of the State’s case against him. See Harrison v. Wainwright, 243 So.2d 427 (Fla.App.1971).
While none of the points raised by appellant in support of his motion to vacate have merit as stated above, there is yet a more cogent reason why the order denying appellant’s motion to vacate must be affirmed. Rule 1.850 was never intended nor does it purport to furnish an opportunity for reviewing ordinary trial errors which are cognizable on direct appeal. The office of the motion to vacate authorized by the subject rule is to review sentences imposed in violation of the constitution or laws of the United States or of the State of Florida. On such a motion the trial court can consider the ground that it was without jurisdiction to impose the sentence or that the same was in excess of the maximum authorized by law or is otherwise subject to collateral attack. The rule was designed to consider claims on collateral attack that there has been such a denial or infringement of the constitutional rights of a prisoner so as to render the judgment vulnerable to collateral attack. In the case at bar, the issues raised by appellant do not fall within the purview of the rule since they involve neither the denial nor infringement of appellant’s constitutional rights.
Accordingly, the order denying appellant’s motion to vacate is affirmed.
CARROLL, DONALD K., and WIG-GINTON, JJ., concur.