STATE v. EUGENE THOMAS RITCHIE.

195 N. W. 2d 570.

March 10, 1972—No. 42207.

*C. Paul Jones*, State Public Defender, and *Rosalie E. Wahl*, Assistant State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *Paul J. Tschida*, Special Assistant Attorney General, *William B. Randall*, County Attorney, and *Steven C. DeCoster*, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Peterson, Todd, and Mason, JJ.

MILTON D. MASON, JUSTICE.*

This is an appeal from a judgment of Ramsey County District Court whereby defendant was convicted of aggravated robbery. We affirm.

On March 10, 1969, defendant was found guilty by a jury of aggravated robbery in connection with a holdup of Nelsen's Dairy Store at 1187 East Minnehaha, St. Paul, in which about $150 had been taken. Defendant appeals on the grounds that (1) the arrest was made without probable cause, rendering inadmissible evidence obtained by a frisk and subsequent search; (2) the court should have instructed the jury on the evaluation of eyewitness identification; (3) defendant was denied effective representation by counsel; and (4) the evidence was insufficient to prove beyond a reasonable doubt that the defendant participated in the robbery. The relevant statutes are Minn. St. 609.245 and 609.05.

The dairy store was held up about 8:45 p.m. on October 7, 1968, by a man later identified as defendant's brother, Jerome. Both appeared in a five-man lineup at which a customer of the store, Jack Potthoff, made a tentative identification of defendant as the driver of the car to which Jerome ran from the store and in which they sped away. His identification at trial was positive. Defendant and his brother were jointly charged by information, and a joint pretrial hearing resulted in a denial of motions of

---

.*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, §.2, and Minn. St. 2.724, subd. 2.

both defendants to suppress seized evidence. Jerome was tried and found guilty on February 17, 1969.

Defendant and Jerome had been observed together off and on during the day of the robbery by a neighbor; they had been observed, by the two police officers who later arrested them, at about 5:30 p. m. that afternoon at the Roosevelt Housing Project, Ames and Hazel Avenues, in a green Falcon automobile with a noisy exhaust, driven by defendant; they were together in defendant's apartment between 5:30 and 6:30 p. m. on the day of the robbery, as stated by their sister; they were at a lawn party together from about 7:30 to 9 p. m., as observed by a neighbor. The arresting officers heard a police radio report describing two white males leaving the area of the scene of the robbery and reportedly heading north on Duluth Street in a green Falcon automobile with a noisy exhaust, similar to the one observed earlier by the officers.

Hearing the call on the police radio, the officers headed for the Roosevelt Housing Project, which is about a mile and a half northeast of the scene of the robbery, found the same persons in the same car, and arrested them. The initial frisk revealed $76 in folded bills in defendant's pocket and $105 in folded bills in his brother Jerome's pocket, sums not inconsistent in amount with the approximately $150 reported as having been taken from the dairy store. A later search of the car by other officers revealed a .38-caliber revolver, which, store owner Wayne Nelsen testified, was similar to the one used in the robbery. A subsequent search revealed seven live, .38-caliber bullets in defendant's pocket.

■ Defendant's claim of lack of probable cause for arrest under Minn. St. 629.34(3) can be dismissed. In Sipera v. State, 286 Minn. 536, 537, 175 N. W. 2d 510, 511 (1970), we stated that probable cause existed for arrest even though the apprehending officers did not know in fact that a felony had been committed where "circumstances were sufficiently strong to warrant the cautious belief that defendant was involved in the burglary dis-

closed by the burglar alarm." See, also, State v. Bean, 280 Minn. 35, 157 N. W. 2d 736, certiorari denied, 393 U. S. 1003, 89 S. Ct. 493, 21 L. ed. 2d 468 (1968); and State v. LaJeunesse, 280 Minn. 381, 159 N. W. 2d 261 (1968). In view of the facts outlined above, the officers had probable cause for the arrest and subsequent search and seizure. At the evidentiary hearing pursuant to the practice detailed in State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. 2d 3 (1965), the court correctly denied the motions to suppress based on a claimed invalid arrest.

■ Defendant claims as error the failure of the court to give a requested instruction as to the dependability of identification by an eyewitness. Defendant bases his claim on the holding in State v. Burch, 284 Minn. 300, 170 N. W. 2d 543 (1969). This case was first decided on February 14, 1969, and after reargument that opinion was withdrawn and the opinion of August 15, 1969, was substituted in its place. The language relied on by defendant first appeared in the opinion filed August 15, over 5 months after defendants' trial. While such an instruction should have been given, the jury was justified in making its determination on the corroborating evidence, which was more than sufficient to warrant a finding of guilty.

■ Defendant further claims inadequate representation by the assistant public defender in his failure to make certain motions, particularly his failure to move for a new trial when Jerome, the convicted robber of the dairy store, informed the court at the time of his sentencing that defendant was not his accomplice.

The claim of inadequate representation has no support in the record and can be dismissed with little comment. The record shows vigorous attention to detail. The claim of Jerome that defendant was not his accomplice was a weak afterthought. Jerome had sat through defendant's trial and had indicated that if he were subpoenaed to testify, he would decline on the basis of self-incrimination.

■ The evidence was more than sufficient to prove beyond a reasonable doubt that defendant participated in the robbery as the driver of the getaway car: The fruits of the robbery were in his possession; live bullets were in his pocket; and he was identified as the driver of the getaway car.

The verdict must be affirmed.

Affirmed.