**UNITED STATES of America**

v.

**Abraham MALLIS, Appellant.**

**No. 72–1218.**

United States Court of Appeals, Third Circuit.

Submitted Aug. 28, 1972 Under Third Circuit Rule 12(6).

Decided Sept. 13, 1972.

Paul Alongi, Alongi, Bregg & Devito, Bloomfield, N. J., for appellant.

John J. Barry, Asst. U. S. Atty., Trenton, N. J., Herbert J. Stern, U. S. Atty., Newark, N. J., for appellee.

Before ADAMS and JAMES ROSEN, Circuit Judges, and LUONGO, District Judge.

## OPINION OF THE COURT

### PER CURIAM:

Abraham Mallis has appealed from a judgment of conviction following a jury's verdict on a charge of receipt of stolen securities (18 U.S.C. § 2315). Four grounds have been advanced for the appeal: (1) the trial judge erred in exempting the FBI case agent from the order sequestering witnesses; (2) improper rebuttal evidence was received; (3) hearsay testimony was improperly admitted; and (4) appellant was prejudiced by the government's failure to produce as witnesses certain persons whose names were mentioned during trial.

█ Since none of the matters complained of here was the subject of objection [1] in the trial court, they may be noticed only if there is plain error. United States v. Bamberger, 456 F.2d 1119, 1130 (3d Cir. 1972); Rule 52(b), F.R.Cr.P.

We have examined the record carefully and find no error, much less plain error, consequently we affirm. Two of the grounds asserted by appellant are so insubstantial as to require no discussion at all, and a few comments concerning the remaining two reveal their lack of merit.

### The Sequestration Order

█ Sequestration of witnesses is a matter which is committed to the trial judge's discretion. United States v. Dorsey, 462 F.2d 361 (3d Cir., 1972). Appellant concedes that, in cases in which orders of sequestration are entered, as a general rule the case agent is permitted to remain in court during the course of trial. In the instant case, when the trial judge granted defendant's request for sequestration, the usual exception was made to permit the case agent to remain. There was neither objection nor comment to the ruling at the time it was made. The suggestion which appellant now advances, i. e. that the case agent should have been required to testify before, rather than after, the witness whose testimony he corroborated, was not made to the trial judge, consequently he cannot be charged with abuse of discretion for failing to use a procedure which was not proposed or suggested to him.

### Rebuttal Evidence

The charge against Mallis was proven, in part, by the fact that the stolen stock certificates were found on his person at the time of his arrest. The government's case in chief, through the testimony of one Charles DiUmberto and case agent John T. Kelley, Jr., established that Mallis had solicited the assistance of DiUmberto to sell 2000 shares of IBM stock, represented by two certificates for 1000 shares each, stolen from Walston and Company, a brokerage house in New York; that at a meeting at a restaurant in New Jersey on the day of Mallis' arrest, DiUmberto returned the certificates to Mallis, who examined them before placing them in his pocket; that after DiUmberto and Mallis left the restaurant they were arrested outside by FBI agents; and in a search incident to the arrest the certificates were found on Mallis' person.

Mallis took the stand in his defense. He testified that he met with DiUmberto at the restaurant in question to discuss some labor matters and that DiUmberto thrust some papers into his pocket as the government agents were closing in and that, before he could react to DiUmberto's actions, the agents arrested him (inside the restaurant) and found the stock certificates in his pocket. In rebuttal, the government recalled case agent Kelley and put on other FBI agents who testified in detail concerning (a) the transfer of the stock certificates from DiUmberto to Mallis and the inspection of the certificates by the latter before he placed them in his pocket, and (b) the arrest of Mallis *outside* the

---

1. There was objection to some of the rebuttal evidence as being cumulative. What is here asserted is that none of the rebuttal evidence properly qualified as such.

restaurant and the search incident thereto which produced the certificates.

It is the proper function and purpose of rebuttal testimony to "explain, repel, counteract, or disprove the evidence of the adverse party." Luttrell v. United States, 320 F.2d 462, 464 (5th Cir. 1963). Necessarily some of agent Kelley's testimony on rebuttal overlapped what he had earlier given in the government's case in chief, but the nature of the defense made inevitable a more detailed presentation by case agent Kelley, with corroboration by the testimony of other agents, of the events which took place inside and outside the restaurant on the day of Mallis' arrest. The case relied on primarily by appellant, United States v. Bussey, 139 U.S. App.D.C. 268, 432 F.2d 1330 (1970), is inapposite. What was there held improper about the rebuttal to defendant's alibi evidence was the prejudicial testimony that it produced, i. e. that the defendant was involved in another robbery at the time he was allegedly at the place indicated by his alibi evidence. No such prejudicial information was elicited here by the rebuttal evidence.

The judgment of conviction will be affirmed.