364 S.E.2d 264

**STATE of West Virginia**

v.

**Artie BARKER.**

**No. 17234.**

Supreme Court of Appeals of West Virginia.

Dec. 18, 1987.

Charlie Brown, Atty. Gen., Marion Ray, Asst. Atty. Gen., for the State.

Michelle C. Widmer, Westover, for appellant.

PER CURIAM:

Artie Barker was convicted of sexual assault in the first degree, a violation of *W. Va. Code*, 61–8B–3 [1984] and received a sentence of ten to twenty years imprisonment by the Circuit Court of Monongalia County. After a thorough review of the record, we affirm.

The victim in this case was ten-years-old at the time she was sexually assaulted by the appellant, who was 44 years old. The victim's accusations against the appellant were first made on August 30, 1984, while she was a patient at the West Virginia University Hospital. She had been admitted for evaluation of a rash on her neck and suspected seizures. When she also appeared to be quite depressed the victim was seen by a psychiatrist who then made a referral to psychologist Nancy Todd, the coordinator of the hospital's child abuse program. During her visits with Todd, the victim, for the first time, explained that she had been sexually assaulted by the appellant.

The victim was then examined by Dr. Donald W. Cox, who was chairman of the Department of Obstetrics and Gynecology at West Virginia University and a member of the child abuse team. Dr. Cox testified that he found no physical evidence of sexual assault, but stated that this was his usual finding in all but 10% of the children he examined as suspected victims of sexual assault. His examination did not rule out possible penetration of the outer area of the female sex organ. Dr. Cox's examination also revealed the presence of Gardnerella organisms in the victim. Dr. Cox noted that this organism is ordinarily found only in "sexually active" women, and is considered a sexually transmitted disease, rarely found in children of the victim's age.

During appellant's trial, Nancy Todd, an expert witness for the prosecution, was exempted from sequestration and allowed to remain in the courtroom throughout the trial in order to provide emotional support for the victim. The prosecution first asked the trial court to exempt the victim's mother from its order to sequester witnesses, but when appellant objected, Todd was proposed as an alternate support for the child. The appellant also objected to her presence, but when faced with the choice of either Todd or the victim's mother, the appellant stated a preference for Todd.

Todd began her testimony by detailing her credentials as an expert. She testified that at the time she met the victim she was the coordinator of the Child Protection Team as an employee of the Department of Pediatrics of the West Virginia University Hospital. At the time of trial she was an instructor in the Department of Psychology and expected to receive her Ph.D degree in psychology later that year. Over a three-year period as coordinator, Todd interviewed over 300 children who had been sexually abused, received specialized training in interviewing such children and served as a consultant in three states, testifying in at least 20 sexual abuse trials in West Virginia.

Without objection from the appellant, the trial court ruled that Todd was qualified to testify as an expert witness in the area of sexual abuse and assault of children. She had also interviewed and counseled the victim.

The appellant now asserts that the trial court abused its discretion in refusing to sequester Todd during the trial, and also erred by allowing the witness, Todd, to testify after the victim.

> The question as to which witnesses may be exempt from a sequestration of witnesses ordered by the court lies within the discretion of the trial court, and unless the trial court acts arbitrarily to the prejudice of the rights of the defendant the exercise of such discretion will not be disturbed on appeal.

Syl. pt. 4, *State v. Wilson*, 157 W.Va. 1036, 207 S.E.2d 174 (1974). *See also* syl. pt. 5,

*State v. Hoke*, 76 W.Va. 36, 84 S.E. 1054 (1915). In *Wilson* we specifically permitted an exemption of a police officer from sequestration in order to assist the prosecutor in the examination of witnesses. An extension of this holding was recently stated in *State v. Banjoman*, 178 W.Va. 311, 316, 359 S.E.2d 331, 336 (1987): "We recognize, ... as have other jurisdictions, that it has become increasingly common to designate government agents other than police officers to represent the State and to aid in the prosecution of cases in which they have investigated." In *Banjoman*, we upheld the trial court's ruling that a West Virginia Department of Welfare investigator could assist the prosecutor in a case involving charges of welfare fraud and also testify in the case. We found that the investigator's testimony was not influenced by the testimony of other witnesses and that the investigator's exemption from sequestration did not prejudice the defendant.

In the case now before us we hold that the trial court did not abuse its discretion in exempting Nancy Todd from the sequestration order. Todd's presence provided emotional support for the victim, who was only eleven years old. This Court has recognized that a child who is the victim of sexual abuse is a candidate for special attention in this regard. *See, e.g., Burdette v. Lobban*, 174 W.Va. 120, 323 S.E.2d 601 (1984); *State v. Jones*, 178 W.Va. 519, 362 S.E.2d 330 (1987).

Rule 615 of the *West Virginia Rules of Evidence*, which became effective on February 1, 1985, provides for sequestration of witnesses upon the request of a party.* The rule "does not authorize exclusion of ... (3) a person whose presence is shown by a party to be essential to the presentation of his cause." The trial court ruled that the child victim was entitled to the support of an adult whom she trusted, either her mother or Todd. The appellant chose Todd. In a trial involving young children, the exemption of an individual who is "familiar and protective" of the child has been held to fall within subsection (3) of Rule 615 as an exception to an order excluding witnesses. *Virgin Islands v. Edinborough*, 625 F.2d 472 (3d Cir.1980). *Cf. State v. Gray*, 351 So.2d 448 (La.1977).

The appellant contends that even if it were not an abuse of discretion to exempt Nancy Todd from the sequestration order, it was error to allow her to testify after the victim. In so arguing, the appellant refers to syllabus point 2 of *State v. Harriston*, 162 W.Va. 908, 253 S.E.2d 685 (1979), which states: "If a state witness is excluded from sequestration he or she ordinarily should be called first to ensure, as far as possible, that the witness will not be educated by testimony of other witnesses, which, of course, is the harm sequestration seeks to prevent." However, as we pointed out in *State v. Banjoman, supra*, the "rule is not ironclad and, ... must be read in light of the policy which sequestration seeks to enforce, which is to prevent witnesses from shaping their testimony to harmonize it with that of other witnesses." *Id.* 178 W.Va. at 316, 359 S.E.2d at 336.

In this case, Nancy Todd testified in her capacity as an expert in the field of sexual abuse of children. She testified about the particular circumstances of her interview with the victim, in light of her extensive knowledge of how children who have been abused normally react when discussing the abusive events. Her testimony as an expert explained why abused children have such difficulty seeking help even from supportive relatives. From a review of her testimony, Todd's presence in the courtroom while other witnesses testified did not influence or shape her testimony. The primary information provided by her testimony concerned her area of expertise and not

---

* Rule 615 of the *West Virginia Rules of Evidence* provides:

Rule 615. Exclusion of Witnesses. At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

The appellant's trial was held February 13–15, 1985.

the specific factual data presented by the victim or other witnesses. No objection was made by the appellant during Todd's appearance as a witness.

We hold that the appellant was not prejudiced by Todd testifying after the victim.

 Finally, the appellant contends that the trial court erred by not directing a verdict of acquittal, because the evidence presented was insufficient, as a matter of law, to convict the appellant. In so arguing, the appellant asserts that because Dr. Cox's testimony reported that there was no physical evidence of penetration, a sexual assault had not occurred on the victim. *W.Va.Code,* 61–8B–1(7) [1986] defines "sexual intercourse" as "involving penetration however slight, of the female organ." Dr. Cox's findings did not rule out a sexual assault of the victim involving a slight penetration of her sex organ which would be consistent with the victim's description of the appellant's conduct.

"A conviction for any sexual offense may be obtained on the uncorroborated testimony of the victim, unless such testimony is inherently incredible, the credibility is a question for the jury." Syl. pt. 5, *State v. Beck,* 167 W.Va. 830, 286 S.E.2d 234 (1981). The victim knew the appellant, a neighbor who was a social friend of her mother and her mother's boyfriend. She was capable of describing to the jury the conduct of the appellant in a clear and credible fashion. In addition, the victim's testimony is corroborated by Dr. Cox's testing which revealed the presence of an organism which is normally transmitted only through sexual contact and therefore is rarely found in children such as the victim.

For the foregoing reasons, we affirm the judgment of the Circuit Court of Monongalia County.

Affirmed.