STATE of Minnesota, Respondent,

v.

**Nosakhere HOLMES, Appellant.**

No. A07–1445.

Court of Appeals of Minnesota.

Dec. 9, 2008.

Lori Swanson, Attorney General, St. Paul, MN, and Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, MN, for respondent.

Lawrence Hammerling, Chief Appellate Public Defender, Lydia Villalva Lijó, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by
STONEBURNER, Presiding Judge;
SHUMAKER, Judge; and STAUBER,
Judge.

## OPINION

STAUBER, Judge.

Appellant challenges his conviction of first-degree burglary and third-degree assault, arguing that he is entitled to a new trial because (1) the district court abused its discretion by admitting photographs of a witness's injuries that were not inflicted by appellant and who was not a victim of the charges against appellant; (2) the district court committed plain error by admitting a pole or pipe into evidence when the state failed to demonstrate the object's connection to the crime or to appellant; and (3) the district court erred in convicting and sentencing appellant on both charged offenses when there was only one assault involving the same victim during the same incident. Appellant raises additional arguments in his pro se supplement brief regarding prosecutorial misconduct and insufficiency of evidence for the burglary conviction. We affirm.

## FACTS

Late in the evening of July 28, 2006, in the upper apartment of a two-story duplex, A.W. was lying on his bed in his bedroom. His girlfriend sat on the other side of the bed. They were arguing when he heard a loud thump. He turned toward the door of his bedroom and saw appellant Nosakhere Holmes and two other men. Recognizing the three men as his girlfriend's two brothers and father, A.W. remained lying on the bed and turned his head away from the doorway. As his girlfriend's father told her to get her things, A.W. felt a pole strike him in the back of the head. After several blows to the head, A.W. stood and tried to move away from appellant, but the other brother hit him in the ribs. A.W.'s daughter awoke at the sound of banging and yelling. As she stood at the doorway of A.W.'s bedroom, she discovered appellant and his brother hitting her father. She yelled at them to stop, and left to get her cell phone. Appellant's brother followed her, hit her repeatedly, and pushed her to the floor. Appellant and his brother then fled the apartment.

A.W. and his daughter followed the two men, but when they reached the outside of the duplex they discovered that appellant and his brother had disappeared. The police arrived, finding A.W. and his daughter in front of the duplex. No one was left inside the apartment; appellant's girlfriend and her father left while the assault was taking place. After one of the officers took pictures of the injuries to A.W. and his daughter, they both went to the hospital, where A.W. was treated for his injuries. Later that morning, when A.W. and his daughter returned from the hospital to their apartment, A.W. discovered a steel

pole by his bed. About three weeks passed before A.W. dropped it off at the local police precinct. A desk clerk inventoried the pole into evidence.

Appellant was charged with first-degree burglary and third-degree assault, in violation of Minn.Stat. § 609.582 (2004), and Minn.Stat. § 609.223 (2004), respectively. A jury found appellant guilty, and the district court sentenced him to 78 months for the burglary and a concurrent 21 months for the assault. This appeal followed.

## ISSUES

I. Did the district court abuse its discretion when it admitted into evidence photographs that showed injuries not inflicted by appellant?

II. Did the district court commit plain error when it admitted the pole into evidence?

III. Was appellant properly convicted and sentenced for two offenses arising out of one incident?

## ANALYSIS

**I. The district court did not abuse its discretion by admitting into evidence photographs of A.W.'s daughter's injuries, despite the fact that the injuries were not inflicted by appellant and she was not a victim in the complaint against appellant.**

■ At trial, the district court admitted photographs showing injury to A.W.'s daughter's face. This court reviews the admission of evidence for an abuse of discretion. *State v. Daniels*, 361 N.W.2d 819, 828 (Minn.1985). A district court has broad discretion to make evidentiary rulings. "Photographs are generally admissible where they accurately portray anything which is competent for a witness to describe orally, and [where] they are rele-

vant to some material issue." *State v. Durfee*, 322 N.W.2d 778, 785 (Minn.1982).

Appellant argues that the photographs showing injury to A.W.'s daughter's face were irrelevant because her injuries were not contested and that the photos were prejudicial and likely inflamed the passion of the jury. Overruling appellant's objection to the admission of the photographs, the district court stated, "Well, having now heard the testimony of [A.W.], which included his description of his daughter's attempt [ ] to intervene in his behalf and the co-defendant pursuing her, I believe it is relevant and part of the context of the events that occurred on that evening." We agree that the photographs were relevant to corroborate the daughter's testimony, to establish lack of consent to the entry, and to show the entirety of the event.

■ Appellant contends that the district court did not engage in the balancing test under Minnesota Rule of Evidence 403, as to whether the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. In assessing probative value of evidence, the supreme court noted in *State v. Schulz* that "[e]vidence is relevant and has probative value when it, in some degree, advances the inquiry." 691 N.W.2d 474, 476 (Minn. 2005). A fact is relevant if, when taken alone or in connection with other facts, it warrants a jury in drawing a logical inference assisting, even though remotely, the determination of the issue in question. *State v. Upson*, 162 Minn. 9, 12–13, 201 N.W. 913, 914 (1925). The convincing power of that inference is for the jury to determine. *Id.*

■ The photographs portray the injuries that A.W.'s daughter sustained after trying to intervene on her father's behalf. These images corroborate her testimony

that she told appellant and his brother to leave, and her injuries occurred as a result. The jury had to find lack of consent to entry as an element of burglary in the first degree, and these photographs aided the jury in determining what happened during the early morning hours of July 29, 2006. The district court, therefore, did not abuse its discretion by admitting the photographs.

## II. The district court did not commit plain error when it admitted the pole into evidence.

Appellant did not object to admission of the pole into evidence at trial. Generally, failure to object to evidence at trial constitutes waiver of those issues on appeal. *State v. Beard,* 288 N.W.2d 717, 718 (Minn.1980). But an appellate court will review the matter applying the plain-error standard. *State v. Williams,* 525 N.W.2d 538, 544 (Minn.1994); Minn. R. Evid. 103(d) ("Nothing in this rule precludes taking notice of errors in fundamental law or of plain errors affecting substantial rights although they were not brought to the attention of the court."). Under the plain-error standard, a defendant may obtain relief upon demonstrating that: (1) there was error; (2) it is plain; and (3) the error affected the defendant's substantial rights. *State v. Griller,* 583 N.W.2d 736, 740 (Minn.1998) (citing *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 1549, 137 L.Ed.2d 718 (1997)). Only if the three prongs of this test are satisfied will this court assess whether it should address the error to ensure fairness and the integrity of the judicial proceedings. *Id.* The error will only be corrected if fairness, integrity, or public reputation of the judicial proceeding is seriously affected. *State v. Jones,* 678 N.W.2d 1, 18 (Minn.2004).

Appellant argues that he meets the plain-error test because the district court erred in admitting the pole without considering *State v. Lubenow,* 310 N.W.2d 52 (Minn.1981). In *Lubenow,* the supreme court held that when physical evidence is not connected to the crime or to the defendant it must be excluded. *Id.* at 56. In evaluating admission of physical evidence in *Lubenow,* the court relied heavily on tests established in *State v. Olek* and *State v. Kotka. Id.* In *Olek,* the court stated that physical objects which are connected to a crime are admissible. 288 Minn. 235, 242, 179 N.W.2d 320, 325 (1970). In *Kotka,* the court determined that proof that a defendant possessed a weapon capable of being used in the commission of the crime was sufficient to render the weapon admissible. 277 Minn. 331, 341, 152 N.W.2d 445, 452 (1967). In *Olek,* the defendant argued that there was nothing connecting him to the objects, and in *Kotka* the appeal was based on the fact that the expert was not able to conclusively show that the weapon was the one used in the crime. *Olek,* 288 Minn. at 242, 179 N.W.2d at 325; *Kotka,* 277 Minn. at 341, 152 N.W.2d at 452. In both cases, the court determined that the unproved connection and the inconclusiveness, respectively, did not affect the admissibility of the evidence, but, rather, simply the weight it should be given. *Olek,* 288 Minn. at 242, 179 N.W.2d at 325–26; *Kotka,* 277 Minn. at 341, 152 N.W.2d at 452. Examining these two tests, the supreme court determined in *Lubenow* that the arrows did not satisfy either test—not because there was an unproved or inconclusive connection, but because available evidence showed the contrary—that when tested there were no bodily fluids on the arrows and thus they were not connected to the crime. 310 N.W.2d at 56.

This case is distinguishable from *Lubenow* because the pole clearly could be con-

nected to the crime. Testimony was presented at trial that A.W. felt and heard a pole hit him. His daughter testified that she saw the pole in appellant's hand when she was in the room, and a pole was later found next to his bed when A.W. returned from the hospital. When it was inventoried into evidence at the police station the pole was not tested for fluids, but the investigating officer noted that it appeared to have a blood-like substance on it and he did not feel the need to have it tested since the victim knew his assailants so there was not a concern about trying to ascertain identity. While not proved conclusively that the pole was the assault weapon, testimony established that it was connected to the crime, and there is nothing in the record showing any evidence to the contrary. Therefore, we conclude that the district court did not commit plain error by admitting the pole into evidence.

### III. The appellant was properly convicted and sentenced for two offenses arising out of one incident.

Appellant argues that the district court erred in convicting and sentencing him to both first-degree burglary and third-degree assault because third-degree assault is a lesser-included offense of his first-degree burglary charge. Since there was only one assault involving one victim during one incident, appellant contends that he cannot be convicted of both burglary with assault and a separate assault charge under Minn.Stat. § 609.04 (2004). Courts must look at statutory definitions rather than the facts in a particular case to determine if a lesser offense is necessarily included so as to preclude conviction for both offenses. *State v. Gayles,* 327 N.W.2d 1, 3 (Minn.1982). Whether a statute has been properly construed is a question of law subject to de novo review. *State v. Murphy,* 545 N.W.2d 909, 914 (Minn.1996).

Appellant was convicted of burglary in the first degree when the jury found that (1) he entered a building without consent of a person in lawful possession; (2) he committed the crime of assault while in the building; and (3) his act took place on or about July 29, 2006. *See* Minn.Stat. § 609.582, subd. 1(c) (2004). Appellant was also convicted of assault in the third degree when the jury found that (1) he assaulted A.W.; (2) he inflicted substantial bodily harm on A.W.; and (3) his act took place on or about July 29, 2006. *See* Minn. Stat. § 609.223, subd. 1 (2004). Minn.Stat. § 609.04, subd. 1, provides that a person may be "convicted of either the crime charged or an included offense, but not both. An included offense may be ... (4) a crime necessarily proved if the crime charged were proved." Looking solely at this statute, if the first-degree burglary charge were proved, then assault would also be necessarily proved and appellant could not be convicted of both crimes. But, Minn.Stat. § 609.585 (2004), also applies here: "Notwithstanding section 609.04, a prosecution for or conviction of the crime of burglary is not a bar to conviction of or punishment for any other crime committed on entering or while in the building entered." Appellant argues that this statute does not apply because he did not commit "any other crime" besides the assault, which was already included in the first-degree burglary with assault conviction. We determine that the assault serves as "any other crime" committed while in the building.

An assault committed by a defendant can be used to fulfill *both* the crime element and the assault element of first-degree burglary under Minn.Stat. § 609.582, subd. 1(c). The statute does not require an individual who commits an assault in the building to also commit a

second, non-burglary offense. Rather, the statute simply makes a burglary first-degree burglary if the crime committed during the burglary is an assault.

"Crime" is defined as "conduct which is prohibited by statute and for which the actor may be sentenced to imprisonment, with or without a fine." Minn.Stat. § 609.02, subd. 1 (2004). Assault falls within this definition, and the legislature made no attempt to exclude assault from the element of first-degree burglary requiring the intent to commit, or the commission of, a crime. Thus, assault may fulfill this element. We hold that appellant's convictions for both first-degree burglary and third-degree assault were proper.

Appellant has raised two additional issues in his pro se supplemental brief. We have determined that these additional claims are without merit.

First, appellant claims that the prosecutor committed misconduct by using arguments calculated to inflame the passions of the jury and drawing conclusions not supported by evidence. We have determined that the prosecutor did not draw any conclusions not based on prior testimony and did not personally endorse a witness's credibility.

█ Second, appellant claims that there was insufficient evidence to find the "without consent" element of first-degree burglary. Because testimony was presented during trial that neither A.W. nor his daughter consented to appellant's presence, and that appellant's sister did not open the door to her brother and likely called 911, there is sufficient evidence to determine that appellant was in the apartment without consent that evening.

### DECISION

We conclude that (1) the district court did not abuse its discretion by admitting photographs of injuries that appellant did not inflict; (2) the district court did not commit plain error by admitting the pole into evidence; and (3) the district court did not err in convicting and sentencing appellant for both first-degree burglary and third-degree assault.

**Affirmed.**