A93A0039. PARKS v. THE STATE.
(431 SE2d 141)

POPE, Chief Judge.

Defendant Parks and co-defendant, Dennis Walker, were found guilty of trafficking in cocaine. Defendant appeals.

At trial Fred Mays, a special agent with the GBI assigned to the Drug Enforcement Section of the Atlanta Regional Drug Enforcement Office, testified he and a confidential informant went to a restaurant on Riverdale Road in Clayton County to make an undercover drug buy of three kilograms of cocaine for $78,000 using GBI funds. Other agents were in the parking lot in unmarked vehicles covering the transaction. When defendant and Walker arrived at the restaurant, the confidential informant brought Walker to Mays' car and they discussed the purchase. Walker returned to his vehicle and defendant

drove that vehicle beside Mays' car and asked Mays to follow him to Cascade Road to get the three kilograms of cocaine. Mays refused. Defendant and Walker then agreed to go get the cocaine and bring it back to the Riverdale Road area. The informant was later paged and told to meet defendant and Walker at the Exotic Car Cleanup. Shortly thereafter defendant paged Mays and told him to meet them at the Exotic Car Cleanup. When Mays and the surveillance agents arrived Walker, who was standing outside, ran but was quickly apprehended. The agents found Parks upstairs in the building. They also recovered a package containing approximately 3,000 grams of 75.5 percent cocaine, which one agent saw being thrown out of a rear upstairs window of the building as the agents attempted to secure it.

1. Mays was asked on direct examination what he was "supposed to do" at the restaurant where he first met defendant. He replied that he was "supposed to meet a drug dealer there and purchase three kilograms of cocaine for $78,000." Defendant objected to the answer and requested the "jury be cautioned or given a cautionary instruction" because no one had identified defendant as a drug dealer and that was what the jury was there to decide. The trial court overruled the objection and defendant enumerates this ruling as error.

We hold the trial court did not abuse its discretion by refusing to give a cautionary instruction to the jury after the objected-to testimony. Contrary to defendant's contention otherwise, Mays' testimony was not tantamount to stating defendant was the drug dealer he was supposed to meet. His testimony explained his conduct and reason for being at the restaurant where he first met defendant and Walker. Mays' response was not an opinion as to the guilt or innocence of the defendant or any other legal conclusion. "The jury was thoroughly and definitively instructed that they were [the sole judges of the credibility of the witnesses, of the weight of the evidence, and as to whether the defendants, or either of them, was guilty of the crime charged]. Under these circumstances, we find no basis for reversal." *Nolton v. State*, 196 Ga. App. 690, 692 (2) (396 SE2d 605) (1990).

2. After several hours of deliberation, the jury asked the trial court if they could "find one party guilty of constructive possession and one [party] guilty of aiding and abetting, i.e., two degrees of guilt." In reply, the judge recharged the jury that "every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. A person is concerned in the commission of a crime only if he, one, directly commits the crime; or two, intentionally aids or abets in the commission of the crime; or three, intentionally advises, encourages, hires, counsels, or procures another to commit the crime. Does that answer your question? Very well. Would you like to continue to deliberate for a little while? Fine, you may return to the jury room." (Indentations

omitted.) The jury then returned to the jury room for further deliberation. When queried by the court if there were any objections to the recharge, both defendants' attorneys requested time to think about it.

Assuming defendant's attorney's response was sufficient to reserve his objections to the charge, we do not agree that the court's failure to instruct the jury again on constructive possession, aiding and abetting, or the burden of proof in response to their question constituted reversible error. The trial court's recharge sufficiently addressed the question posed by the jury. Furthermore, apparently the trial court's recharge answered the jury's question adequately since no juror responded negatively when the trial court asked if the recharge answered their question and the jury did not have further questions for the court.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED APRIL 19, 1993.

*Bruce S. Harvey, Pete C. Whitlock,* for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney,* for appellee.

