## 22819. HALL v. HALL.

Argued February 8, 1965—Decided February 23, 1965.

*John W. Stokes,* for plaintiff in error.

*Herman J. Spence,* contra.

Duckworth, Chief Justice. ■ "In all cases either party shall have the right to have the *witnesses of the other party* ex-

amined out of the hearing of *each other*. The court shall take proper care to effect *this object* as far as *practicable and convenient,* but no *mere irregularity* shall *exclude the witness.*" (Italics ours). *Code* § 38-1703. This is a right conferred by statute, and its denial is presumptively injurious, unless the contrary appears. *Poultryland, Inc. v. Anderson,* 200 Ga. 549 (37 SE2d 785); *Montos v. State,* 212 Ga. 764 (95 SE2d 792). But if a witness has not complied with the court's order of sequestration he is not thereby rendered incompetent and it is error to refuse to allow him to testify when offered, notwithstanding such violation of the court's order. *McCartney v. McCartney,* 217 Ga. 200 (121 SE 785); *Shelton v. State,* 220 Ga. 610 (140 SE2d 839). In the latter case, *Bird v. State,* 50 Ga. 585, and all other cases holding to the contrary were expressly overruled. To the extent that such cases ruled that counsel had waived the right to use such witnesses they were not overruled.

But the facts indisputably show in this case that the witness, Frank Hall, remained in the courtroom while plaintiff's witnesses were examined, despite the ruling to sequester; however, he was used as the defendant's first witness and his testimony was not within the hearing of defendant's other witnesses, none of whom heard his testimony. These facts show no violation of the statute which requires only that witnesses of the *other party* be examined out of the hearing of *each other*. *Talley v. State,* 2 Ga. App. 395 (58 SE 667); *Tift v. Jones,* 52 Ga. 538. Therefore, argument of counsel that this witness had heard the testimony of the plaintiff is entirely irrelevant and shows no violation of the statute. *Blitch-Everett Co. v. Jackson,* 29 Ga. App. 440 (116 SE 47); *Chedel v. Mooney,* 158 Ga. 297 (123 SE 300). There is no merit in this amended ground of the motion for new trial.

■ While the excerpt from the charge complained of is expressly an instruction as to the matters the jury should consider in fixing the amount of alimony, and since no alimony was allowed the wife, if it was not prejudicial to the wife on the question of allowing alimony at all, it was harmless even if error. In the first place, once a decision to award alimony is reached, the question of the innocence or extent of guilt or wrong are

irrelevant in fixing the amount of alimony. *Code* § 30-209. *Shepherd v. Shepherd*, 201 Ga. 525 (40 SE2d 382). Such matters are proper considerations in deciding whether to grant or deny alimony, but not in fixing its amount. The amount of temporary alimony is determined by the respective wealth and earning capacity of the parties, and the standard of living which was provided for the wife before the separation. *Code* § 30-203. By the very capable assistance of able counsel we are enabled to determine that the charge was restricted to fixing the amount of alimony, but as stated, it was error for that purpose, and since it fixed a double standard of conduct whereby the wife must be blameless, and the husband's misconduct must be gross, it was confusing and very well might have caused the jury to fix these different standards in deciding whether to grant her a divorce or to award any alimony or not. This court cannot approve the charge, and its probable injury to the wife requires the grant of a new trial.

■ Since the pleadings and the evidence show repeated separations and reconciliations, after promises not to repeat the misconduct, and then a breach of such promises, and the court charged that all such conduct could be considered unless condoned, the special ground complaining of the failure to charge a definition of condonation is meritorious, and since the question of whether or not there was condonation became a material issue in the case it was error to overrule the same. *Code* § 30-109. *Odom v. Odom*, 36 Ga. 286 (5); *Ozmore v. Ozmore*, 41 Ga. 46; *Harn v. Harn*, 155 Ga. 502 (117 SE 383); *Stanley v. Stanley*, 178 Ga. 814 (174 SE 531); *Bruce v. Bruce*, 195 Ga. 868 (25 SE2d 654); *Brewer v. Brewer*, 205 Ga. 759 (1) (55 SE2d 147); *Moon v. Moon*, 216 Ga. 627 (3), 630 (118 SE2d 473).

■ The third special ground complains of a charge on the removal of disabilities. The charge merely instructed the jury that if a divorce was granted to the plaintiff the court in its judgment would remove the disability of the defendant, and if a divorce be granted to the defendant, the court will remove the disability of the plaintiff. This court cannot say that the variation of the language used was more favorable to the defendant, although elsewhere the court fully charged the law as to disability. This ground of complaint is without merit.

■ There was evidence to support the verdict and the general grounds of the motion for new trial are without merit. But for the reasons stated in Divisions 2 and 3 the judgment is

*Reversed. All the Justices concur.*