## 54467. JAMES v. THE STATE.

DEEN, Presiding Judge.

1. The evidence, although largely circumstantial, is ample to uphold the conviction for the offense of deceptive business practices by securing payment for a load of 30,440 pounds of soy beans and in fact delivering only 6,500 pounds. The practice was for the purchaser, Gold Kist, Inc., to weigh in the sellers' trucks after which the drivers proceeded to the delivery line and dumped the soy beans. The empty truck was then weighed and the seller paid for the difference in weight. In the present case the defendant weighed in a fully loaded blue truck. He was subsequently noticed in the delivery line with a green truck about half full of soy beans, and a quick check located the original truck on the premises of defendant's relatives, whereas the partial load was represented to be and delivered as the larger quantity which had been previously weighed. The defendant's motion for directed verdict was properly denied.

2. The right, on invoking the rule of sequestration (Code § 38-1703), to have the witnesses testify out of each other's hearing, is substantive and mandatory. *Poultryland, Inc. v. Anderson,* 200 Ga. 549, 562 (37 SE2d 785). The burden of showing an exception (where the witness is needed to advise the district attorney, or where the absence of an official witness would impair the efficiency of the court) is on the state. *Montos v. State,* 212 Ga. 764, 765 (95 SE2d 792). If that burden is carried, the witness should then be sworn first in order that his testimony be taken before he has the unfair advantage of

hearing the other witnesses for the state. *Tift v. Jones,* 52 Ga. 538 (4); *Massey v. State,* 220 Ga. 883, 895 (142 SE2d 832). As demonstrated by *Massey,* failure to do so or offer a sufficient reason for not doing it is reversible error. See also *Stuart v. State,* 123 Ga. App. 311 (180 SE2d 581). However, in later expressions of the opinion of the Supreme Court (*Jarrell v. State,* 234 Ga. 410, 420 (6) (216 SE2d 258); *Fountain v. State,* 228 Ga. 306 (3) (185 SE2d 62) and *McNeal v. State,* 228 Ga. 633 (4) (187 SE2d 271)), it has been held that where a reason is proffered by the district attorney and the trial court exercises his discretion, not only in allowing the witness to remain in the courtroom, but also in allowing him to hear the testimony of other witnesses before himself testifying, no error is shown. We presume this means there may be, but in those cases was not, an abuse of discretion, and that the reviewing court might still find, under the facts of a given case, that such procedure in the face of the Code section and as a mere matter of accommodation to the district attorney, violated the substantive rights of the defendant. The only reason offered here for not taking the witness first after allowing him to remain in the courtroom as the nominal prosecutor was that the district attorney felt it would be confusing to the jury to take this testimony out of sequence, and before laying a proper foundation. The question under all the testimony in the case is a close one. While disapproving the procedure used (a witness should not, save in very exceptional circumstances, be allowed to remain in the courtroom after the rule of sequestration is invoked and then also allowed to testify after the other witnesses have been heard) we cannot be certain that the trial court abused his discretion in the instant case.

3. During the trial and on cross examination of one of the state's witnesses defense counsel ascertained that the witnesses had made written statements shortly after the events in question and thereupon asked that the court order copies to be turned over to him for examination or in the alternative that the court make an in camera inspection of the material for the purpose of determining whether they contained exculpatory material or contradictory statements which might be relevant for impeachment purposes. Both motions were

denied.

While it has been stated (*Hicks v. State,* 232 Ga. 393, 396 (207 SE2d 30); *Street v. State,* 237 Ga. 307 (9), 316 (227 SE2d 750)), that the appellant has the burden of showing how his case has been materially prejudiced even when the trial court declines an in camera inspection, in Williams v. Dutton, 440 F2d 797, 800, it was held: "The *Brady* [v. Md., 373 U. S. 83 (83 SC 1194, 10 LE2d 215)] decision . . . imposes an affirmative duty on the prosecution to produce at the appropriate time requested evidence which is materially favorable to the accused either as direct or impeaching evidence. . . Appellee insists that *Brady* is inapplicable to the present case because there has been no showing that the evidence demanded was favorable to Williams. We think, however, that due process of law cannot be sidestepped by such a facile distinction." Prior statements of key witnesses for the state are one of the categories about which there is the least disagreement: In general defense counsel is entitled to them on proper demand. It is noted of course that in the Federal practice both the names of witnesses and their statements are controlled by the Jencks Act, 18 USCA § 3500 which does not have a counterpart in state law. In that regard see United States v. Houston, 339 FSupp. 762; United States v. Garrison, 348 FSupp. 1112. But Georgia also recognizes the right of the defense to procure, for impeachment purposes, statements given prior to the trial by key prosecution witnesses. *Rini v. State,* 235 Ga. 60, 64 (218 SE2d 811). The proper way to obtain these statements is by a motion to produce. *Brown v. State,* 238 Ga. 98 (231 SE2d 65). This is perfectly feasible, at least as to the witnesses listed on the indictment as these were, or furnished on demand under Code § 27-1403. Technically speaking, there was no notice to produce and the demand for inspection, coming in the course of the trial as this did, was made too late. However, at the time of the trial it had not been established in Georgia that a notice to produce could be utilized as a defense tool in a criminal case, and we feel that under the circumstances the defendant was denied a potentially valuable right guaranteed him by due process standards.

It is ordered that on the return of the remittitur in

this case the court examine *in camera* all written statements made prior to trial by the witnesses for the state and, if he finds material of an exculpatory or impeaching character, that he order a new trial, copies of such statements to be delivered to defense counsel.

*Judgment affirmed with direction. Webb and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 7, 1977 — DECIDED OCTOBER 18, 1977 — REHEARING DENIED NOVEMBER 2, 1977.

*King, Phipps & Associates, Herbert E. Phipps, C. B. King,* for appellant.

*D. E. Turk, District Attorney, Gary C. Christy, Assistant District Attorney,* for appellee.