75712. CARROLL v. THE STATE.
(366 SE2d 232)

BANKE, Presiding Judge.
Carroll appeals from the denial of his motion for new trial following his conviction of burglary.

The victim, Elbert Sweeten, operated a used car business out of a

mobile home which also served as his living quarters. For a short time prior to the burglary, the appellant had been employed by Sweeten as a mechanic. During that period, the appellant had resided, with Sweeten's permission, in a van which was parked inside a garage located on the premises. Since there were no bathroom facilities in the van, Sweeten had permitted the appellant access to the bathroom in his mobile home. Also, Sweeten would invite the appellant into the mobile home on occasion to drink beer with him after working hours.

Sweeten testified that on the evening the offense occurred the appellant had been in the trailer drinking beer at his invitation but that when the appellant "had done drunk too much," he told him to leave, advising him to go to the van and sleep. The appellant left, whereupon Sweeten locked the mobile home and departed the premises for about an hour. When he returned, he heard a noise emanating from the trailer and, through a window, observed the appellant sitting in a chair near the desk in the room that served as the office. Sweeten entered the trailer, ordered the appellant to leave permanently, and looked around to see if anything had been taken. He observed that four blank checks had been removed from a checkbook in his desk drawer and that a cold, partially consumed bottle of beer had been left on the floor near the desk. Believing that the noise he had heard had been the slamming of the desk drawer, Sweeten reported the incident to the police, who apprehended the appellant shortly thereafter. The checks were never located. *Held*:

1. The appellant submits that the trial court committed reversible error by allowing Sweeten to testify as follows: "I opened the [drawer] where I keep my checkbooks, and he [the appellant] had took four checks." This testimony was allowed over the appellant's objection that it was conclusory and was without a proper foundation.

"Answers constituting mere conclusions, surmise or conjecture are properly excluded from evidence. [Cit.]" *Marshall v. State*, 154 Ga. App. 327, 328 (268 SE2d 383) (1980). Although expert opinion testimony on an ultimate issue may be permitted where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves, see *Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981), "[o]rdinarily, a witness may not express his opinion as to an ultimate fact, because to do so would invade the province of the jury. [Cit.]" *Fordham v. State*, 254 Ga. 59 (325 SE2d 755) (1985). In the present case, the objected to testimony should not have been allowed as it went to the ultimate issue for the jury's consideration, i.e., whether the appellant had committed a theft while inside Sweeten's trailer. However, we conclude that the error must be considered harmless, since in the context of the other evidence "it is 'highly probable that the error did not contribute to the judgment.' " *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). The evidence re-

vealed that the appellant had re-entered the trailer without authority through a rear window and that, while there, he had consumed a beer, which he later admitted was "wrong." Thus, all the elements necessary to complete the offense of burglary were established virtually without dispute.

2. We reject the appellant's assertion that the state failed to prove that any property of value was contained within the trailer and thus failed to establish any basis for an inference that the appellant had entered it with the intent to commit a theft therein. There was photographic evidence showing that the trailer contained a television set, refrigerator, and numerous items of household furniture. In *Cannon v. State*, 113 Ga. App. 701, 702 (149 SE2d 418) (1966), construing a predecessor to our current burglary statute, we held that "while such evidence would be insufficient to prove an exact value of the personal property shown therein, yet it was sufficient to authorize a finding that such personalty had some value." It follows that there was at least some evidentiary basis for an inference that the appellant had entered the trailer with the intent to commit a theft. See *Bradshaw v. State*, 172 Ga. App. 330 (2) (323 SE2d 253) (1984).

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED FEBRUARY 17, 1988.

*Sara F. Miller*, for appellant.

*Harry N. Gordon, District Attorney, Richard J. Weaver, Assistant District Attorney*, for appellee.