A90A0807. NOLTON v. THE STATE.
(396 SE2d 605)

Pope, Judge.

On April 14, 1988, as part of an undercover investigation, GBI agents Stuart and McCormick were taken to a house for the purpose of purchasing cocaine. At the house they were greeted by Frederick Parks and defendant B. J. Nolton. After they discussed the purchase, Parks took money from the agents and left to get the cocaine. During the one and one-half hours Parks was gone the agents and defendant engaged in friendly conversation, mostly about narcotics. When Parks returned he handed the cocaine to the agents. On April 16 the agents returned and Agent McCormick negotiated another sale with Parks and defendant. This time defendant asked what McCormick wanted and accepted the money from him. Defendant then gave the money to Parks who left to get the cocaine. When Parks returned over an hour later he handed the cocaine to defendant, who turned it over to McCormick. McCormick gave defendant ten dollars for his assistance with the sale.

Defendant was subsequently arrested and charged, in two separate counts, with violating the Georgia Controlled Substances Act on April 14 and April 16, 1988. After a jury was chosen and sworn for trial, the State dismissed the count involving the alleged sale on April 14, and defendant was tried on the second count only. The jury found defendant guilty and he appeals from the denial of this motion for new trial.

1. Defendant contends that the trial court erred in allowing the State to present evidence of the April 14 sale because it was not admissible as a similar transaction and violated his constitutional right against double jeopardy. He further argues that he was not served with notice prior to trial that the similar transaction would be introduced as required by Uniform Superior Court Rule 31.3. The trial court considered defendant's objections outside the presence of the jury and ruled that testimony of the agents concerning the April 14 sale was admissible because it was part of a single, continuous transaction. We agree.

"An indictment charging the commission of an offense, without

showing that the date alleged therein is an essential averment, covers any offense of the nature charged within the period of limitation, including the date(s) alleged, and the State is not confined to proof of a single transaction, but may prove or attempt to prove any number of transactions of the nature charged within the period, although punishment upon conviction is limited to a single offense, and acquittal or conviction, upon proper plea, operates as a bar to further prosecution for any offense of the nature charged within the period. (Cit.) *Pittman v. State*, 179 Ga. App. 760 (1) (348 SE2d 107) (1986). The dates alleged in [defendant's] indictment were not an essential averment thereof. The . . . prior similar [transaction] had occurred within the applicable . . . statute of limitation. Thus, the evidence did not fall within the ambit of Rule 31.1 relating to notice of the State's intention to present evidence of a similar transaction. Rather, it was evidence of the offense charged and admissible. *Pittman v. State*, supra at 760 (1)." (Punctuation omitted.) *Bowman v. State*, 184 Ga. App. 197 (2) (361 SE2d 58) (1987). Accord *Garrett v. State*, 188 Ga. App. 176, 177 (2) (372 SE2d 506) (1988). Cf. *Story v. State*, 196 Ga. App. 590 (___ SE2d ___) (1990). In any event, since defendant had been indicted for the transaction in question and was not apprised that that count would be dismissed until the day of trial, it cannot seriously be contended that he was unaware of the State's intention to introduce evidence relating to this count. We find, therefore, that the trial court did not err in allowing this evidence to be admitted.

2. Defendant complains that the trial court erred in commenting on the evidence and in allowing a State's witness to state a conclusion as to the ultimate issue being tried. The record shows that during the cross-examination of Agent McCormick, defense counsel asked him if on April 16, after Parks brought back the cocaine, defendant "took it from him and handed it to you." Agent McCormick replied "Right, which is against the law." Defense counsel objected and the trial court responded, "Well, it's no worse than you intimating that that doesn't constitute a sale under the law. . . ." After further discussion, the judge ruled that he would instruct the jury what constituted a sale when he charged the law, and they could apply the law to the facts. Questioning of the witness resumed with no further objection by defendant.

" 'We will first note that counsel . . . acquiesced in the ruling of the trial court. . . . No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further. (Cits.)' *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536) (1986). See also *Riley v. State*, 180 Ga. App. 409 (1) (349 SE2d 274) (1986)." *McGarity v. State*, 190 Ga. App. 139, 140 (2) (378 SE2d 179)

(1989).

Moreover, in our opinion the nonresponsive answer of the witness here indicated only his opinion that defendant's acts were illegal so as to justify his decision to arrest him. "Even assuming, without deciding, [that this opinion went to the ultimate issue of whether defendant was guilty of selling cocaine,] any error was harmless because the evidence against [defendant] was overwhelming. [Cits.]" *Ludden v. State*, 176 Ga. App. 109, 111 (2) (335 SE2d 428) (1985). The trial court made no suggestions to the jury regarding the evidence, its comments were apparently made in an effort to keep both the State and defense counsel from further stating legal conclusions to the jury. The jury was thoroughly and definitively instructed that they were not bound by the opinion testimony of any witness but were by law the sole and exclusive judges of the credibility of the witnesses, and it was solely within their province to determine the outcome of the case. Under these circumstances, we find no basis for reversal.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Griffin E. Howell III*, for appellant.

*W. Fletcher Sams, District Attorney, Anne Cobb, Assistant District Attorney*, for appellee.