## A93A0404. NELSON v. THE STATE.
(431 SE2d 450)

BIRDSONG, Presiding Judge.

Malik Nelson a/k/a Todd Shaw appeals his conviction of aggravated assault upon a police officer, OCGA § 16-5-21, and possession of a firearm by a first offender, OCGA § 16-11-131, and the denial of his amended motion for new trial. *Held*:

1. After a man walking along the street was killed by a shotgun blast from the hatchback vehicle in which appellant and four other persons were riding, shots were fired from the rear of the hatchback striking police officer Weller's patrol car. Although the patrol car was following without blue lights or siren engaged, it was a marked patrol car with a blue light bar. All the occupants of the hatchback had their heads turned back toward the patrol car before the shots were fired. One occupant testified he initially saw the police before pursuit began, and that he and appellant had jumped into the hatchback, which had been temporarily stopped. During pursuit the hatchback took various evasive actions, then stopped; before the officer could engage his blue lights, shots were fired by a suspect sitting in the rear of the hatchback. At least two shots struck the officer's patrol car, which was then about fifty feet away. The evidence as to who actually discharged the firearm was in conflict; however, one of the juveniles in the hatchback (against whom charges were dismissed after he agreed to testify in the trial of appellant suspect) testified he immediately turned around after three shotgun blasts were fired and saw appellant holding the shotgun in the hatchback section of the vehicle. Another occupant testified appellant fired the shots.

Appellant contests the credibility of the State's witnesses and the weight to be given their testimony. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App.

463 (1) (393 SE2d 737). Mere presence at the scene of a crime does not make a person a party to that crime. *Owens v. State*, 204 Ga. App. 579, 581 (3) (420 SE2d 79). Nevertheless, appellant's firing of the weapon and knowledge that the person at whom he fired was a police officer can be established by direct and/or circumstantial evidence. See OCGA § 24-1-1. Likewise, it could be established by direct and/or circumstantial evidence that appellant was a party to the crime within the meaning of OCGA § 16-2-20. "Conduct and companionship before and after the crime are circumstances from which the factfinder may infer criminal intent." *Todd v. State*, 189 Ga. App. 538, 540 (376 SE2d 917). Further, all members of the group fled the scene. "Flight is circumstantial evidence of consciousness of guilt; the weight to be given such evidence is for the jury to decide." *Green v. State*, 206 Ga. App. 42, 44 (3) (424 SE2d 646). Applying the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), the evidence supports the verdict.

2. Appellant's motion to sever the offense of possession of a firearm by first offender probationer was denied. The trial court did not abuse its discretion in denying the severance motion; a bifurcated trial was not mandated. See *Appling v. State*, 256 Ga. 36, 37 (1) (343 SE2d 684); see also *Freeman v. State*, 205 Ga. App. 112 (421 SE2d 308). Nor, in the absence of a timely, written request for instruction, did the subsequent failure to charge the jury that a prior first offender disposition may not be considered in deciding the *murder* count render the denial of severance erroneous. Compare *Williams v. State*, 262 Ga. 422, 423 (4) (420 SE2d 301) (appellant acquitted of murder). Additionally, appellant has failed to enumerate as error the lack of any limiting instruction regarding use of prior first offender evidence; accordingly, this issue is not preserved for appeal. *Chezem v. State*, 199 Ga. App. 869, 870 (2) (406 SE2d 522).

3. Appellant asserts the trial court erred in denying his motion for mistrial, because a detective prejudicially interjected appellant's character in issue when he testified that "the name [of appellant] was brought up, and then I found out from another detective in an unrelated case." Appellant concedes in his brief that there is no absolute right to a mistrial in such a situation, but that a curative instruction should have been given as it was implied appellant was previously arrested.

As the motion for mistrial was not made at the time the testimony objected to was given (it appears several pages later in the transcript), it was not timely; the issue is waived on appeal. *Thaxton v. State*, 260 Ga. 141, 143 (5) (390 SE2d 841); *Dye v. State*, 177 Ga. App. 824 (341 SE2d 314). Nor was a timely request made for a curative instruction; this issue also is waived on appeal. See *Carr v. State*, 259 Ga. 318, 320 (2) (380 SE2d 700); *Oller v. State*, 187 Ga. App. 818,

823 (4) (371 SE2d 455). Further, review of the questioned testimony does not reveal that it reasonably implied appellant's prior arrest as herein contended.

4. The trial court did not abuse its discretion in replaying Lt. Gainey's testimony at the jury's request. *Johns v. State*, 239 Ga. 681, 683 (2) (238 SE2d 372). The trial court also did not err in failing to replay other unrequested testimony with Gainey's testimony. There is no abuse of discretion in merely replaying what the jury asks to hear. *Lee v. State*, 259 Ga. 230, 232 (4) (378 SE2d 855). Also, appellant's broad objection that the replayed testimony "does overly emphasize a particular piece of testimony," without identifying the particular testimony allegedly overemphasized, is too vague and general to constitute a specific objection at the trial level. *Wilson v. State*, 145 Ga. App. 315, 322 (5) (244 SE2d 355).

5. The trial court did not err in allowing an investigator from the district attorney's office who had been present in court throughout trial to testify in rebuttal, notwithstanding appellant's objection based on a claimed violation of the rule of sequestration. Assuming arguendo a violation of the rule of sequestration, " ' "[i]n criminal cases, the violation of the rule of sequestration of *any* witness . . . goes to the credibility rather than to the admissibility of the witness' testimony." ' " *O'Kelley v. State*, 175 Ga. App. 503, 505 (1) (333 SE2d 838). "A party's remedy for a violation of the rule is to request the trial court to charge the jury that the violation should be considered in determining the weight and credit to be given the testimony of the witness." *Johnson v. State*, 258 Ga. 856, 857-858 (4) (376 SE2d 356). Appellant has enumerated no such charging error. *Chezem*, supra.

Additionally, the investigator testified, without contradiction, that he was the investigator assigned to assist the prosecution. Compare *Mullen v. State*, 197 Ga. App. 26, 27 (2) (397 SE2d 487). The prosecutor stated in his place that the witness "is the lead investigator in this case and having him absent from the courtroom would have seriously been a detriment to [the State]. We would not have been able to orderly present our evidence," and that the necessity for the witness' rebuttal testimony did not become known until after Mr. Belmar testified. The trial court did not abuse its discretion in allowing the witness to testify. Compare *Sweat v. State*, 203 Ga. App. 290, 291 (1) (416 SE2d 845).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED MAY 20, 1993.

*Hartley, Puls & O'Connor, Alton G. Hartley*, for appellant.
*J. Tom Morgan III, District Attorney, Stacy Y. Cole, John H.*

■■■■■■■

*Petrey, Assistant District Attorneys*, for appellee.