## A95A1511. POWELL v. THE STATE.
### (462 SE2d 447)

BEASLEY, Chief Judge.

A jury convicted Powell of inciting to riot (OCGA § 16-11-31 (a)). He challenges the sufficiency of the evidence.

After 14-year-old Anderson rejected Powell's request to have sex with him, Powell threatened to have his 18-year-old girl friend, Johnson, beat her. Powell then informed Johnson that Anderson had been talking about her and suggested that Johnson go up the street to meet Anderson. As Anderson and her friends Lattimore and Faust walked down the street, Johnson cursed them and ordered her three-year-old son to hit Anderson. When the child, whose father was Powell, began hitting Anderson with a switch, Lattimore told Anderson to hit him back.

Johnson then jumped on Lattimore's back and began pulling Lattimore's hair, punching and kneeing her at Powell's direction. Faust ran for help and returned with Lattimore's sister, who attempted to break up the fight until Powell drew his arm back as though he was about to strike her and said to let them keep fighting. At some point, Johnson and Lattimore stopped and then recommenced fighting. Powell shoved everyone away who tried to stop the fight, including Lattimore's 11-year-old niece. By the time Lattimore's mother and uncle arrived and ended it, between 25 and 60 onlookers had gathered.

Powell unsuccessfully moved for directed verdict at the close of the State's case; he argued that there was insufficient evidence that he urged, counseled, or advised others to riot or of a clear and present danger of a riot. He presses this point.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cit.]" *Pardo v. State*, 215 Ga. App. 317 (1) (450

SE2d 440) (1994). The jury's verdict must be upheld if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

The essential elements of inciting to riot are: (1) engaging in conduct which urges, counsels, or advises others to riot; (2) with intent to riot; and (3) at a time and place and under circumstances which produce a clear and present danger of a riot. OCGA § 16-11-31 (a). Under Georgia law, "[a]ny two or more persons who shall do an unlawful act of violence or any other act in a violent and tumultuous manner commit the offense of riot." OCGA § 16-11-30 (a).

Powell encouraged Johnson to confront Anderson. After Johnson attacked Lattimore, he directed Johnson's moves and yelled "you ought to be beating this bitch" and "don't stop the fight, the bitch got too much mouth." He also shoved and bullied several people in the gathering crowd in order to prevent any interference with the fight. A reasonable jury could find that this evidence showed beyond a reasonable doubt that Powell intentionally urged, counseled, or advised others to riot. See *O'Quinn v. State*, 39 Ga. App. 829 (148 SE 618) (1929).

Powell argues that other cases such as *Land v. State*, 262 Ga. 898, 900 (2) (426 SE2d 370) (1993), cert. denied, ___ U. S. ___ (113 SC 3008, 125 LE2d 699) (1993), included proof that the crowd was agitated and no such evidence was admitted in this case. The evidence that the fight lulled and then recommenced supports a finding that Lattimore did not act solely in self-defense but rather participated in the riot with Johnson. In light of this fact, the failure to prove the crowd was agitated is not dispositive. OCGA § 16-11-30 (a). Sufficient evidence supports the verdict.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 19, 1995.

*Randall W. Burton, Theresa M. Clyne*, for appellant.
*Kenneth W. Mauldin, Solicitor, Verda M. Andrews, Assistant Solicitor*, for appellee.