A95A1451. WILLIAMS v. THE STATE.
(462 SE2d 457)

MCMURRAY, Presiding Judge.

In a jury trial, defendant was found guilty of selling cocaine in violation of Georgia's Controlled Substances Act. This appeal followed the denial of defendant's motion for new trial and amended motion for new trial. *Held*:

1. Defendant asserts the general grounds in his first two enumerations of error, arguing that he was just " 'playing a little game' " when he and an accomplice entered into an illegal drug transaction with a woman defendant knew to be an undercover law enforcement officer. Defendant indicates that he had no idea the accomplice would consummate the deal by actually delivering cocaine to the undercover officer.

Defendant's intent in agreeing to sell the undercover officer cocaine, whether real or feigned, is for the jury; and the jury's finding in this regard will not be set aside unless clearly erroneous. *Rigenstrup v. State*, 197 Ga. App. 176, 180 (4) (398 SE2d 25). This is so because, "[o]n appeal, the presumption of innocence no longer avails and we view the evidence in a light most favorable to the verdict. *Watts v. State*, 186 Ga. App. 358 (366 SE2d 849)." *Walker v. State*, 214 Ga. App. 691, 692 (1), 693 (448 SE2d 924). From this perspective, we find no clear error in the jury's finding that defendant was a willing participant in an illegal drug transaction. The undercover officer testified that she stopped her unmarked patrol car in a known drug-source area of Savannah, Georgia; that defendant approached the car and that she asked defendant for a quantity of cocaine. The officer testified that defendant then offered to share a sample of his illegal prod-

uct and that, in doing so, defendant attempted to entice the officer out of her car. The officer explained that, when she refused to leave her undercover patrol car, defendant gave his accomplice the amount of cocaine the officer requested and instructed the accomplice to consummate the transaction. The officer testified that, after the accomplice delivered the cocaine and collected the money, defendant "approached the car [and said] see, I told you it's good." This evidence is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of being a party to the sale of cocaine in violation of Georgia's Controlled Substances Act. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Wrease v. State*, 214 Ga. App. 727, 728 (1) (448 SE2d 911).

2. In defendant's final enumeration, counsel asserts that the trial court "committed harmful, prejudicial and reversible error by sustaining the prosecution's officious and unduly disruptive objection to defense counsel's opening statement, and by unjustifiably and sternly berating counsel in the presence of the jury at this most delicate, introductory stage of the trial." Specifically, counsel argues that "the spanking administered by the trial judge at the very beginning of the trial obviated any and all positive elements of [defendant's] defense, thereby denying him due process and a fair and impartial hearing." Counsel also argues that " '[t]he People' (through the prosecution) and the Judge ('the smartest lawyer in the courtroom') had delivered a knock-out punch before the first witness took the stand." And in conclusion counsel asserts the following: "Sustaining the prosecution's objections to [defendant's] opening statement (and, particularly, the imperious and unprofessional manner in which they were sustained) constituted a manifest abuse of the trial judge's discretion and sabotaged the defense case, resulting in an automatic conviction — clearly a 'positive injury.' "

The relevant portion of opening statements provides as follows: "[DEFENSE COUNSEL]: Good morning, ladies and gentlemen. . . I represent Mr. Jerome Williams[, the defendant]. Drug cases. They invoke emotion and passion and prejudice in all law-abiding citizens. . . . This is a drug case, but I ask that you try to put aside and put on hold any such passion for the duration of this trial. I expect it will last only one day. . . . The Prosecution will get first shot, and while their case may sound convincing, —

"[STATE'S ATTORNEY]: Your Honor, I'm going to object as [defense] counsel is arguing.

"THE COURT: Limit yourself to what you intend to prove or disprove, sir.

"[DEFENSE COUNSEL]: We just want you to keep one thing in mind. There will be testimony that [defendant] sold drugs to Agent Williams. Keep in mind one question throughout all the testimony. Is

it reasonable to believe that [defendant], when he knew that Agent Andrea Williams was a police officer, when he knew this, is it reasonable to believe that he would still sell drugs —

"THE COURT: Would you step up here a minute, sir.

"[DEFENSE COUNSEL]: Yes, sir. . . . (BENCH CONFERENCE)

"THE COURT: Now when I rule, I'm not kidding. You understand?

"[DEFENSE COUNSEL]: Yes, sir.

"THE COURT: Now go ahead and do what I told you. . . . (END OF BENCH CONFERENCE)

"[DEFENSE COUNSEL]: We expect that the evidence will show that [defendant] was aware that she was a police officer, and he did not sell her drugs. We expect the evidence to show that he was pretending, just as she was pretending. It may not sound reasonable right now, but that's what he was doing. . . . We ask you not to judge him too harshly and consider all the evidence. We're going to try to tell you everything about this case, give you all the evidence so that you can make an informed decision, an impartial decision. We don't want you to go back to the jury room and say, why didn't he ask this question or that question of the witness? . . . Both of us, the State and myself, will try to give you all the evidence you need. Our position is the other fellow sold drugs, my client didn't, and we think the evidence will show that. . . . Thank you."

"The trial court has the right and duty to govern the scope of argument by counsel both prior to and after the presentation of evidence. See generally *Roland v. State*, 161 Ga. App. 197 (3) (291 SE2d 41) (1982); *Pilcher v. State*, 91 Ga. App. 428 (1) (85 SE2d 618) (1955). The proper range of comment by counsel is a matter within the discretion of the trial court. *Sanders v. State*, 156 Ga. App. 44 (2) (274 SE2d 88) (1980)." *Mathis v. State*, 171 Ga. App. 620, 621 (2) (320 SE2d 861). The trial court did not abuse its discretion in the case sub judice.

First, the trial court properly limited defense counsel when he began suggesting conclusions the jury should draw from the evidence. "The purpose of the opening statement is to inform the jury and the court of the nature of the case, and to give an outline of the proof the party anticipated presenting. Recounting the evidence already presented and suggesting the conclusion demanded by that evidence is the subject matter of closing argument." *Franks v. State*, 188 Ga. App. 263 (372 SE2d 831). Second, we find no support for defense counsel's assertion that the trial court tainted defendant's trial by "unjustifiably and sternly berating [defense counsel] in the presence of the jury. . . ." Even though an open-court rebuke may have been in order since defense counsel failed to adhere to the trial court's rul-

ing on the State's objection, the trial court judiciously chose to admonish defense counsel during a bench conference (apparently) outside the hearing of the jury. Consequently, the trial court's steps in setting defense counsel straight on the proper course of delivering an opening statement could not have possibly deprived defendant of "due process and a fair and impartial hearing." Finally, we do not perceive that the trial court's reprimand to defense counsel was issued in an "imperious and unprofessional manner. . . ."

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

## DECIDED SEPTEMBER 21, 1995.

*Gary M. Newberry*, for appellant.

*Spencer Lawton, Jr., District Attorney, Christine M. Sieger, Assistant District Attorney*, for appellee.