## A99A1877. MASSINGILL v. THE STATE.
### (524 SE2d 746)

ELDRIDGE, Judge.

Johnathan Anthony Massingill appeals from a Cobb County jury verdict finding him guilty of reckless conduct and terroristic threats arising from an incident wherein Massingill became intoxicated; fired a pistol in the air to frighten his brother and his girlfriend, with whom he had been arguing; and then threatened to kill Officer R. Littler, one of the police officers who subsequently answered the "person shot" 911 call. Finding no merit to Massingill's claims of error, we affirm.

1. Massingill contends that the prosecutor improperly referred to Officer Littler as an "expert" because he was not qualified as an expert, and such reference gave undue influence to the officer's testimony. As enumerated, this claim of error was not raised in the court below. Accordingly, it is waived on appeal. *Earnest v. State*, 262 Ga. 494, 495 (1) (422 SE2d 188) (1992).

2. Massingill re-asserts the above-referenced enumeration of error as the basis for a claim of ineffective assistance of trial counsel, because counsel failed to object to the prosecutor's reference to Littler as an "expert."

A motion for new trial was not filed on Massingill's behalf, so a claim of ineffective assistance of counsel was not raised in the court below, and no evidence has been adduced thereon. Further, the record shows that the instant appeal is the "earliest practicable moment" that current counsel could raise an ineffective assistance claim against trial counsel. Notwithstanding, if Massingill's claims can be resolved as a matter of fact or law upon the existing record, we will not remand this case. *Gomillion v. State*, 236 Ga. App. 14 (512 SE2d 640) (1999).

At the beginning of the direct examination of Officer Littler, the State established that the witness had 15 years experience as a Cobb County police officer and is a certified law enforcement officer. During the course of the direct exam, the prosecutor asked Littler numerous questions based upon the officer's "training and experience." Defense counsel, during cross-examination, elicited information from the officer regarding the workings of a .44 magnum pistol containing Black Talon ammunition; this information adduced by the defense was based solely on the officer's knowledge gained through his experience and training as a police officer.

Thereafter, on re-direct, the prosecutor asked Officer Littler whether shooting a gun in the air constituted a gross deviation from the standard of care that a reasonable person would exercise. It was only at this point that defense counsel objected that "He's not testifying as an expert. The question's invading the realm of the jury."[1] The State countered that the officer "does have knowledge both that of a layperson and expert because of his experience and training as a police officer." The trial court permitted the testimony.

(a) With 15 years on the force and certification training, the record shows that Officer Littler was qualified to testify as an expert in law enforcement. "To qualify as an expert generally all that is required is that a person must have been educated in a particular skill or profession[;] his special knowledge may be derived from experience as well as study." (Citations and punctuation omitted.) *Morrow v. State*, 230 Ga. App. 137, 140 (3) (b) (495 SE2d 609) (1998). Moreover, the officer's expertise was tacitly recognized by all parties during questioning on both direct and cross examinations.

(b)

> If, after qualifying the witness as an expert but without formal tender, counsel proceeds to ask for expert opinion evidence, based upon either a hypothetical or facts within the personal knowledge of the witness, the trial court has tacitly or impliedly accepted the witness as an expert. Further, if the opposite party objects to the expert opinion and the trial court overrules the objection, then the court has impliedly accepted the witness as an expert.

(Citations and punctuation omitted.) *In the Interest of C. W. D.*, 232 Ga. App. 200, 207-208 (3) (b) (501 SE2d 232) (1998).

As Officer Littler was qualified to testify as an expert in law enforcement, was questioned as such by the defense and the State, and was either tacitly or impliedly accepted as such by the trial court, the prosecutor's reference to him as an "expert" provided no basis for a sustainable objection on the part of Massingill's trial counsel. Trial counsel's failure to pursue a futile objection does not constitute ineffective assistance. *Mackey v. State*, 235 Ga. App. 209-210 (509 SE2d 68) (1998). Thus, on the record, the instant claim of ineffective assistance of trial counsel is without merit.

3. Lastly, Massingill contends that the opinion testimony from Officer Littler invaded the province of the jury. In this case, the

---

[1] According to Massingill, this objection differs from the objection that trial counsel should have made, i.e., that the officer *was* testifying as an expert without being qualified as such, thereby unduly influencing the jury.

objected-to testimony went to an element of the offense of reckless conduct as stated in the indictment, i.e., whether shooting a gun into the air while standing beside another person deviates grossly from the standard of care a reasonable person would exercise. OCGA § 16-5-60. This is a conclusion a jury ordinarily can draw for itself. See *Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981).

However, we conclude that any error in the admission of such testimony must be considered harmless. *Carroll v. State*, 185 Ga. App. 857, 858-859 (1) (366 SE2d 232) (1988). While the officer's opinion testimony went to an *element* of the offense of reckless conduct, it was not an opinion as to the ultimate issue, i.e., whether Massingill was guilty or innocent of the offense as charged. Compare *Nolton v. State*, 196 Ga. App. 690, 691-692 (2) (396 SE2d 605) (1990). Nor did such testimony "usurp the jury's authority on the issue of witness credibility." *Hilliard v. State*, 226 Ga. App. 478, 482 (487 SE2d 81) (1997).

Further, the evidence of criminal negligence was overwhelming: at the time of the incident, Massingill stated to the police that he deliberately fired a gun into the air, because "he was mad"; at trial, Massingill testified "I was arguing with anybody that came along. I was intoxicated. . . . I just got to a point where I couldn't — didn't want to stand for anything anymore. . . . And I just went as far as I could, so I went for my pistol." He testified that, thereafter, the gun fired accidentally. See *Keye v. State*, 136 Ga. App. 707 (1) (222 SE2d 172) (1975); compare *Sumner v. State*, 210 Ga. App. 856 (1) (437 SE2d 855) (1993). In addition, the court charged the jury on the presumption of innocence, the State's burden to prove guilt beyond a reasonable doubt, the elements of the charged offenses, and the jury's exclusive responsibility to decide guilt or innocence. Thus, any error in overruling this objection was harmless, because, like the erroneous admission of conclusory testimony in *Carroll v. State*, supra at 858-859 (1), "in the context of the other evidence it is highly probable that the error did not contribute to the judgment." (Citation and punctuation omitted.) Id. at 858. See generally *Palmer v. State*, 186 Ga. App. 892, 901 (4) (369 SE2d 38) (1988); *Mitchell v. State*, 222 Ga. App. 878, 879-880 (3) (476 SE2d 604) (1996).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 4, 1999.

*Allen & Barber, W. Keith Barber, Robert D. Pope*, for appellant.

*Patrick H. Head, District Attorney, Debra H. Bernes, Maria B. Golick, Assistant District Attorneys*, for appellee.