A02A0898. CHANDLER v. THE STATE.
(564 SE2d 450)

ELDRIDGE, Judge.

A Jackson County jury found James Chandler, Jr. guilty of one count of simple possession of cocaine occurring on May 18, 1996, and one count of possession of cocaine with intent to distribute occurring on May 25, 1996.[1] The first offense was the result of a controlled buy by an informant, and the second offense was the result of the execution of a search warrant at the mobile home where Chandler resided and from which he made the earlier sale of cocaine to the informant. Chandler appeals, raising four enumerations of error. He claims that the evidence was insufficient to support his conviction for possession of cocaine with intent to distribute, since others had "equal access" to the drugs found in the mobile home; that the trial court erred in permitting Investigator S. Barnhart with the Multi-Agency Narcotics Squad to remain in the courtroom to assist the prosecutor; that the trial court erred in permitting Barnhart to testify about a drug-user amount of cocaine; and that he received ineffective assistance of counsel due to a conflict of interest because his trial attorney also represented a co-defendant who was charged on the possession with intent count of the indictment. Upon review, we find these claims of error to be without merit, and we affirm Chandler's conviction.

1. The evidence of possession with intent to distribute, viewed to support the verdict, was sufficient. Proof of Chandler's sale of crack

---

[1] The instant case was docketed in this Court on December 28, 2001; it arises by way of an out-of-time appeal granted on September 24, 2001, and the subsequent filing of a notice of appeal on October 22, 2001.

cocaine from the same location a week earlier provided proof of intent sufficient to negate Chandler's claims of equal access.[2] Further, pursuant to the search warrant, several hits of crack cocaine were found in a pill bottle in a kitchen trash can, and the informant, who testified at trial, stated that she purchased one hit of crack cocaine from Chandler which Chandler removed from a pill bottle.

The informant also testified that she gave Chandler a $20 bill which had been photocopied by law enforcement; she further testified that Chandler carried a small pouch, which he produced when she gave him the money for the drugs. Three days later, Chandler was arrested for the sale to the informant; the $20 bill that the informant had used to buy the cocaine was in Chandler's wallet. Also found on his person and returned to him was a small green pouch, wrapped with a blue rubber band. Thereafter, when the search warrant was executed, a small green pouch, wrapped in a blue rubber band, was recovered under the sofa where Chandler was sitting; with the pouch was a plastic bag of cocaine. Finally, several thousand dollars were found during the execution of the search warrant and a search incident to arrest; the money was seized from Chandler's residence, his pocket, and his vehicle. Almost all of the money was in $20 bills, and, notably, Chandler was not employed at the time. Under these facts of record, we find that a rational trier of fact could have found Chandler guilty beyond a reasonable doubt of possession of cocaine with intent to distribute.[3]

2. It was not error for the trial court to permit the lead investigator, Barnhart, to remain in the courtroom to aid in the presentation of the State's case. The prosecution properly asked for the assistance of the investigator because of the "substantial amount of evidence" involved.[4] Further, a review of the testimony of the State's witnesses shows no error in refusing to require Barnhart to testify first. It is clear that the foundation for evidentiary items had to be laid by the individual officers who found the items before Barnhart could testify about his accumulation of the items and their placement into property. Accordingly, and as Chandler has shown no harm, "it was not an abuse of the trial court's discretion to permit this witness to testify after having heard the testimony of other witnesses for the State."[5]

---

[2] *White v. State*, 225 Ga. App. 74, 76 (3) (483 SE2d 329) (1997); *Woods v. State*, 224 Ga. App. 52, 55 (4) (479 SE2d 414) (1996); *Brunson v. State*, 207 Ga. App. 523, 525 (428 SE2d 428) (1993).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Johnson v. State*, 198 Ga. App. 316 (4) (401 SE2d 331) (1991); *Mitchell v. State*, 222 Ga. App. 878 (2) (476 SE2d 604) (1996).

[5] *Johnson v. State*, supra at 317 (4). See also *McNeal v. State*, 228 Ga. 633, 636 (187 SE2d 271) (1972); *White v. State*, supra at 76 (7).

3. After establishing Investigator Barnhart's experience as a drug investigator and the "hundreds of persons [he had] been involved with and arrested for drug-related charges," the State asked Barnhart how much cocaine "is normally possessed for personal use." Chandler objected on the basis of foundation: "Objection, Your Honor. I don't believe there's been any foundation laid for that type of information." When the State protested that the foundation had been laid, Chandler then claimed, "Well, Your Honor, I don't see the relevance in terms of the charges that are before the Court." Now, before this Court, Chandler contends that the foundation was insufficient because the State failed to sufficiently qualify Barnhart as an expert regarding drug use. "Because 'lack of foundation' has no single defined meaning, an objection of 'lack of foundation' generally is of little or no use to a trial judge. . . . Because of the varied meanings for 'lack of foundation,' a party making an objection for lack of foundation must specify the foundational element he contends is lacking."[6] Accordingly, Chandler's trial objection, claiming only "lack of foundation" (and then lack of relevance), was insufficient to preserve this issue for appellate review.

4. Finally, Chandler contends that his trial attorney had a conflict of interest because counsel represented both Chandler and his co-defendant, then-girlfriend Denise Wilson, on the possession with intent to distribute charge. By brief, Chandler argues that "it is inconceivable how a single defense lawyer, representing co-defendants charged with possession, could effectively develop a theory of the case for both at the same time." Thus, Chandler claims he received ineffective assistance of counsel. We disagree.

A transcript of a hearing on Chandler's claim is not before us, and Chandler does not cite or make reference to any such transcript in his brief. Accordingly, it does not appear that he obtained the testimony of his trial attorney with regard to the instant claim of ineffective assistance of counsel. "The burden is on the party alleging error to show it affirmatively by the record, and when [he] does not do so, the judgment is assumed to be correct and must be affirmed."[7]

Moreover, Chandler did not object to joint representation at trial. Accordingly, "[i]n order for appellant to prevail on his claim that his attorney was operating under a conflict of interest that violated his right to counsel, he must show an actual conflict of interest that adversely affected his attorney's performance."[8] In that regard, we have reviewed the equal access defense presented on behalf of both Chandler and Wilson. Chandler's brother, Ronnie, testified at

---

[6] *Tolver v. State*, 269 Ga. 530, 532 (2) (500 SE2d 563) (1998).

[7] (Citation and punctuation omitted.) *Smith v. State*, 224 Ga. App. 819, 821 (2) (481 SE2d 896) (1997); *Foreman v. State*, 200 Ga. App. 400, 401 (3) (408 SE2d 178) (1991).

[8] *Turner v. State*, 273 Ga. 340, 342 (2) (a) (541 SE2d 641) (2001).

the preliminary hearing that the drugs belonged to him. At trial, Ronnie testified that the drugs belonged to "Sweet Pea" and "Ricky Griffeth" and that he had intended to use the drugs, but fell asleep. In addition, both Chandler and Wilson took the stand, and each testified that the drugs did not belong to them. In light of the specific testimony that neither Chandler nor Wilson possessed the drugs, we find no actual conflict of interest adverse to Chandler's defense engendered by trial counsel's joint representation and, thus, no ineffective assistance of counsel.[9]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED MARCH 12, 2002 —
RECONSIDERATION DISMISSED APRIL 12, 2002.

*Davidson, Hopkins & Booth, Joseph H. Booth*, for appellant.
James Chandler, Jr., *pro se.*
*Timothy G. Madison, District Attorney, Brian M. Rickman, Assistant District Attorney*, for appellee.

